Per Curiam:
The relator having filed her application for the setting off to her as widow the statutory allowances, the probate judge denied the application. On appeal his action was reversed-When the order of the circuit -court was certified to the pro-hate judge, it became the duty of that officer to proceed at once, when applied to, to make the allowances. The reason assigned for his not having done so is, that a motion has been made in the circuit court to set aside its order. But this motion is no stay of proceedings, and ought *not to be. The statute does not contemplate that there shall he delay in setting apart these allowances, and there should be none except where it is unavoidable. The widow might he seriously wronged if those allowances to which she is entitled as matter of right might he delayed from time to time, leaving her to support herself, and perhaps a family, as best she might. Such delays are not to he encouraged, and the probate judge should see that action in these matters is as prompt as possible.
It is not supposed the probate judge has acted in this case otherwise than in good faith, hut no reason was assigned, on the argument in this court, which we think justifies the failure to proceed on the petition.
A mandamus will therefore issue as prayed.