LORIMER *v.* WAYNE CIRCUIT JUDGE.

PROBATE COURTS—NON-APPEALABLE ORDERS—STATUTES.

An order of the probate court under 3 How. Stat. § 5992*a et seq.*, determining who are the heirs, minor heirs, or legal representatives of a decedent, which order, under section 5992*c*, is only *prima facie* evidence of the facts found therein, is not appealable under the general statute ( 2 How. Stat. § 6779 ) providing for appeals from probate court "in all cases not otherwise provided for."

*Mandamus* by Emily Lorimer to compel William L. Carpenter, circuit judge of Wayne county, to allow relator a jury trial of issues sought to be raised by an appeal from an order of the probate court.  Submitted April 5, 1898. Writ denied May 6, 1898.

*Flowers, May & Moloney*, for relator.

*Edwin F. Conely* and *Orla B. Taylor*, for respondent.

LONG, J.  Relator filed a petition in the probate court, stating that she was the widow of Thomas Lorimer, deceased; that said Lorimer died intestate and without issue; that at the time of his death he was the owner of certain lands in Wayne county.  The petition set up the names of the claimed heirs, and asked an order under 3 How. Stat. § 5992*a et seq.*, determining who were the legal heirs. On the hearing the probate court found that the petitioner was not the widow or heir at law of the deceased, and had no interest in the lands, etc.  He thereupon denied the petition.  An appeal was taken by the relator to the Wayne circuit court.  The cause was there noticed for a jury trial before Judge Carpenter.  Upon the calling of the cause, counsel for the administrator of the estate objected to the impaneling of a jury.  This objection was sustained.  Relator now asks a *mandamus* to compel the

circuit court to set aside that order, and proceed to the
trial before a jury. A return has been made to the order
to show cause. Two contentions are made by counsel for
the administrator: (1) That the order made by the pro-
bate court, adjudging that the relator was not the widow
of Thomas Lorimer, deceased, is not appealable; (2) that
the case is not one for the determination of a jury.

Section 3 of the act under which the proceedings were
brought ( 3 How. Stat. § 5992c ) provides that the probate
court may, upon such application,—

"Hear proofs, taken by commission or by witnesses
produced in open court, of the facts set forth in said peti-
tion, and shall thereupon, if the evidence be sufficient,
find and adjudge who are, or were, the heirs, minor heirs,
or legal representatives of the deceased, and entitled by
the laws of this State to inherit the real estate of the
deceased; * * * which finding and adjudication shall
be entered on the journal of said court, and which entry,
or a duly-certified copy thereof, shall be *prima facie* evi-
dence of the facts therein found."

The statute does not authorize an appeal from this find-
ing. The general rule is that where a special and extra-
ordinary jurisdiction, not following the common law, is
created by statute, no appeal can be taken therefrom,
unless expressly provided for in the statute. *Cross* v.
*People*, 8 Mich. 113; *Smith* v. *Superintendents of Poor*,
34 Mich. 58; *Auditor General* v. *Pullman Palace-Car
Co.*, Id. 59. But counsel for relator contend that the
appeal is authorized by 2 How. Stat. § 6779, which pro-
vides that, "in all cases not otherwise provided for, any
person aggrieved by any order, sentence, decree, or denial
of a judge of probate may appeal therefrom to the circuit
court," etc. The act under which the proceedings were
instituted does not purport to make the proceedings of the
probate court conclusive upon anybody. They are not
binding even upon the relator. The petitioner, or other
person interested, if not satisfied with the findings, might,
in any judicial proceeding, resort to original evidence,
and wholly ignore the action of the probate court. The

proceeding simply makes evidence, and any common-law jury could overturn it in any other proceeding. In *Miller* v. *Davis*, 106 Mich. 302, this statute was before this court, and it was said:

"It is remedial in its character, takes away no vested rights, and is, like a statute establishing a rule of evidence, or one designed to perpetuate testimony, unobjectionable because in a sense retroactive."

The legislature evidently intended that the proceedings under this statute should be summary, and hence provided no appeal.

The order not being appealable, the other question need not be discussed.

The writ must be denied.

The other Justices concurred.