BORDWELL v. SAGINAW CIRCUIT JUDGE.

119   421
f121   668
119   421
138   1276

1. PROBATE COURTS—ALLOWANCES TO WIDOW—NONAPPEALABLE ORDER.

   An order of the probate court allowing to one claiming to be the widow of decedent the furniture and personal property mentioned in 2 How. Stat. § 5847, subd. 1, and a weekly sum for her support as provided for in subdivision 2, is not appealable, although it is disputed that claimant is the widow of the deceased.

2. SAME—RES JUDICATA.

   In such case, the determination by the court that claimant is such widow is conclusive only so far as it relates to the allowances made by such order, and is not res judicata as to her right as widow to a distributive share of the estate.

*Mandamus* by Frankie Howe Bordwell to compel Byron A. Snow, circuit judge of Saginaw county, to dismiss an appeal from probate court.   Submitted November 22, 1898.   Writ granted March 6, 1899.

*John F. O'Keefe*, for relator.

*James H. Davitt* and *John A. McKay*, for respondent.

MOORE, J.   Warren Bordwell died, intestate, in December, 1897.   Later an administrator of his estate was appointed.   In June, 1898, the relator filed a petition in

the probate court, alleging she was the widow of Mr. Bordwell, and asking for an allowance for her support, and for the personal property allowed the widow by the statute. The heirs at law disputed the claim of the relator that she was the widow of Mr. Bordwell. After a hearing, the probate judge determined she was the widow of Mr. Bordwell, and allowed her $12 a week for her support, and the household furniture and personal property mentioned in subdivision 1, § 5847, 2 How. Stat. From this order the heirs at law appealed to the circuit court, for the purpose of having a trial before a jury of the question of whether the relator was the widow of Mr. Bordwell or not. The relator moved in the circuit court to have the appeal dismissed, upon the ground that the order was not appealable, which motion was overruled. This is a proceeding to review the action of the circuit judge.

It is claimed on the part of the heirs at law that section 6779, 2 How. Stat., gives the right of appeal in cases of this character; citing the case of *Peet* v. *Peet*, 52 Mich. 464. The question of whether the order was appealable was not raised or discussed in that case, and it does not aid us in the solution of the question involved here. The question has been before this court repeatedly whether an order of the probate court making the allowances provided by subdivision 2 of section 5847 is appealable, and it has been uniformly held the order was not appealable. *People, ex rel. Curtis,* v. *Cass Probate Judge,* 35 Mich. 220; *Walker* v. *Hull,* Id. 488; *Freeman* v. *Washtenaw Probate Judge,* 79 Mich. 390; *North* v. *Tuscola Probate Judge,* 84 Mich. 69; *In re Power's Estate,* 92 Mich. 106; *Bacon* v. *Kent Probate Judge,* 100 Mich. 183. The statute does not in terms give the right of appeal from these allowances, and the cases hold that to so construe the statute as to give the right of appeal would deprive the widow of her support, and perhaps the support of a family of small children, at a time when they needed it most,—a result not contemplated by the statute, and not to be desired.

It is said that, while an appeal will not lie from the weekly allowance granted the widow, it should lie as to that part of the order making her the allowances provided in subdivision 1, and that to do otherwise is to allow her to deplete the estate.   Section 5873, 2 How. Stat., provides that the allowances of personal property made to the widow shall not be considered assets in the hands of the administrator or executor.   To deprive the widow of the household furniture, and other personal property mentioned in the statute as belonging to her, during the settlement of the estate, would be quite as great a hardship as to deprive her of her allowance for support, and the estate would no more be depleted in the one instance than in the other.

It is urged that, in the cases cited, there was no dispute whether the person claiming the allowance was the widow or not, and that, when the fact is disputed, there should be a right of appeal, because, if it was decided the claimant was not the widow, there would be no way to get the allowances back.   Such a case cannot, in fact, often occur. When it does, doubtless a hardship would result; but not more so than where allowances are made pending divorce proceedings which are instituted by one not the wife.   It is better that a hardship should occur in the rare cases where a claim is made by a person not entitled to make the claim than to make it possible to prevent the many widows whose right is unquestioned from having their allowances during the pendency of the litigation.   In *Lorimer* v. *Wayne Circuit Judge*, McGrath, Mand. Cas. No. 136, the relator claimed to be the widow of Thomas Lorimer, deceased.   She sought to appeal from an order refusing her an allowance out of the estate.   This was refused, for the reason, among others, that the order of the probate court was not appealable. The question was again presented in *Lorimer* v. *Wayne Circuit Judge*, 116 Mich. 682, where the relator had instituted proceedings under 3 How. Stat. § 5992*a et seq.*, to have it decided who were the heirs of the Lorimer

estate.   In that proceeding, the probate judge decided the petitioner was not the widow of Mr. Lorimer.   An appeal was taken to the circuit.court, counsel claiming that section 6779 authorized the appeal.   The appeal was dismissed, upon the ground, among others, that the order was not appealable.   In this court the ruling of the court below was affirmed.   The order of the probate court in this case as to allowances is not appealable.   His determination that relator is the widow of Mr. Bordwell is conclusive only so far as it relates to the allowances made to her pending the litigation, and is not *res adjudicata* as to her right as widow to the distributive share of the estate to which the widow is entitled.

The order may issue dismissing the appeal, with costs of this court.

GRANT, C. J., MONTGOMERY and LONG, JJ., concurred. HOOKER, J., did not sit.