No. 19,286.

*In re* the Estate of MICHAEL L. BREEN, Deceased (MAR-
GARET BREEN, *Appellant;* REES DAVIES, as Executor,
etc., *Appellee*).

SYLLABUS BY THE COURT.

1. WILLS—*Disposition by Husband of One-half of His Real and
Personal Property—Valid.* In the section of the wills act pro-
viding that "Any married person having no children may de-
vise one-half of his or her property to other persons than the
husband or wife" (Gen. Stat. 1909, § 9812), the word "devise"
is used in its popular sense, and relates to the disposal of
personalty as well as real estate.

2. SAME—*Election by Widow Not to Take Under Will.* A hus-
band having no children may by will dispose of one-half of
his estate, including exempt personal property, to persons
other than his wife, notwithstanding her election not to take
under the will.

Appeal from Clay district court; SAM KIMBLE, judge.
Opinion filed March 6, 1915. Affirmed.

*W. T. Roche,* of Clay Center, for the appellant.

*F. L. Williams,* and *James L. Hogin,* both of Clay
Center, for the appellee.

The opinion of the court was delivered by

MASON, J.: Michael L. Breen, a married man, hav-
ing no children, died testate. By the terms of his will
his widow was to have one-half of all his property, and
collateral relatives the other. She elected not to ac-
cept the provisions of the will, but to take what she was
entitled to under the statute. The sole question pre-
sented is whether the collateral relatives were entitled
to one-half of all the property, or to one-half of what
should remain after setting apart to the widow the
exempt personal property owned by the testator at the
time of his death. The district court took the view first
stated, and the widow appeals.

In 1875 it was decided that, as the statute then stood, if a widow upon the death of her husband, he dying testate without surviving issue, elected to take under the law, she would be entitled to the whole of his estate, whatever might be the provisions of the will. This decision was based upon the statutory language that a widow who does not elect to take under her husband's will "shall retain her share of the real and personal estate of her husband as she would be entitled to by law in case her husband had died intestate." (*Barry v. Barry,* 15 Kan. 587.)    In 1883 a new section (Laws 1883, ch. 163, § 1) was added to the act in relation to wills, reading as follows:

"Any married person having no children may devise one-half of his or her property to other persons than the husband or wife."    (Gen. Stat. 1909, § 9812.)

A preliminary contention is made by the appellant that this section affects only real property, inasmuch as it uses the word "devise" and not "bequeath."    "Devise," however, is used with respect to the disposal of personal property in statutes as well as in wills.    (3 Words & Phrases, p. 2047; 14 Cyc. 284.)    In the case cited it was said that the word "bequeath" in the section there construed (Gen. Stat. 1909, § 9811) probably means "devise and bequeath."    Such has undoubtedly been the interpretation placed upon it, and the term used in the subsequent statute should be given a similarly elastic meaning.    In *Carmen v. Kight,* 85 Kan. 18, 116 Pac. 231, a will was upheld by which a childless wife disposed of one-half of all her property otherwise than to her husband, but the point suggested was not raised.

The principal contention of the appellant is based upon the provisions of the statute relating to setting apart to the widow the exempt personal property owned by her husband at the time of his death.    The following are the sections by which the matter may be affected:

"In addition to her portion of her deceased hus-

band's estate, the widow shall be allowed to keep absolutely, for the use of herself and children of the deceased, all personal earnings and personal property of the deceased which were exempt to him from sale, execution, garnishment and attachment, at the time of his death." (Gen. Stat. 1909, § 3484, as amended by Laws 1911, ch. 189, § 1.)

"If there be no children, then the said articles shall belong to the widow; and if there be children and no widow, said articles shall belong to such children." (Gen. Stat. 1909, § 3485.)

"The property to which the widow and children may be entitled under the second preceding section shall be stated separately in the inventory, and shall not be appraised, except such part thereof as may be necessary under the fourth and sixth subdivisions of said section; and such property shall be retained by the widow and children, and in no case shall it be liable for the debts of the deceased." (Gen. Stat. 1909, § 3486.)

"After allowing to the widow and children of any deceased intestate of this state the homestead provided in the next section of this act, and the personal property and other allowances provided by law respecting executors and administrators and the settlement of the estates of deceased persons, the remainder of the real estate and personal effects of the intestate, not necessary for the payment of debts, shall be distributed as hereinafter provided." (Gen. Stat. 1909, § 2935.)

Provisions for setting apart specific property to the widow on the death of her husband have been held to be entitled to a liberal construction for her benefit, and to apply where there is a will as well as in the case of intestacy. (3 Enc. L. & P. 265.) The statutes which are interpreted in the many decisions on the subject are so different from each other and from those here involved that a review of them is not regarded as advisable. The question is whether the law which authorizes a husband who has no children to will to others than his wife one-half of his property, means that he may so dispose of one-half of all his property, or of

one-half of what remains after the exempt portion has been set off to his wife.

The law as it existed prior to 1883 contained two provisions in apparent conflict with each other. The statute then as now provided that any person of full age and sound mind owning property of any sort might dispose of it by will (Gen. Stat. 1909, § 9776), but that one spouse should not (except by consent) will more than half of it away from the other (Gen. Stat. 1909, § 9811). This was in effect a declaration that a married person could dispose of one-half of his property by will in any way he might see fit. But the statute then as now provided that if the wife elected not to accept the provisions of the will she should retain such share of her husband's property as she would have received had he died intestate. In the case of a widow who renounced the will of her childless husband, in which he undertook to give to others one-half of his property, the question arose as to which provision of the statute should control—that which apparently gave him the right to make a valid disposition of half of his property as he saw fit, or that which said that his wife might at her pleasure take it all by the law of descents, notwithstanding any will he might make. In the Barry case it was decided that the latter provision should control the former. The act of 1883 was manifestly passed in view of this decision and with the intent to change the law as there announced. Literally it did no more than declare the law as it already existed. But its obvious purpose and effect was to prevent the rule as newly announced, that a childless husband might dispose of half of his property by will, from being subordinate to the other rule that his widow might at her election take just what the statute would have given her had there been no will. The old rule that the widow who elects not to take under the will of her childless husband gets just what the law would have given her had there been no will is modified by the new declaration, so that now in that event

the will controls to the extent of one-half of the property, and by the operation of the law of descents she receives the remainder. (*Noecker v. Noecker,* 66 Kan. 347, 71 Pac. 815.) The statute of 1883, being the later expression of the legislative purpose, should also control in the case of a seeming conflict with any of the provisions above quoted. We conclude that the trial court rightly decided that the will operated to dispose of all of the testator's property, including the exempt personalty.

The judgment is affirmed.