## HAWLEY v. DIBBLE.

1. JUDGMENT — RES ADJUDICATA — HUSBAND AND WIFE — DESCENT AND DISTRIBUTION—PROBATE COURT.

In a suit to quiet title to real property the complainant, who claimed title through the widow of the father of defendants, who had been married twice and who, defendants contended, had not been divorced from his first wife, was not barred from recovery by an order of the probate court in proceedings to determine the heirs, finding that the defendant children of decedent were the owners of real estate. 2 Comp. Laws, §§ 9469-9471 (4 How. Stat. [2d Ed.] §§ 11180-11182).

2. SAME.

The order determining the heirs of deceased was not conclusive under sections 9469-9471 (4 How. Stat. [2d Ed.] §§ 11180-11182), which merely provides that a finding by

the probate court shall be *prima facie* evidence of the facts
so found; orders made pursuant to this section do not
affect vested rights.

3. DEEDS—ESTATE IN COMMON—JOINT TENANCY—ESTOPPEL—PAROL
EVIDENCE RULE.

Proof by parol that decedent and his joint grantee under
a deed which conveyed property to two as husband and
wife were not in fact legally married, was inadmissible
in behalf of the heirs of the husband claiming under it
and charging that the deeds in fact conveyed an estate in
common instead of a tenancy by the entirety.

4. EVIDENCE—PAROL EVIDENCE RULE—DEEDS—MARRIAGE.

By the principles of the common law the legal effect of
unambiguous words of a deed could not be contradicted
by parties or their privies in any collateral matter by
parol evidence and the rule is applicable to language in
a deed whereby the grantees are described as husband
and wife.

Appeal from Ionia; Davis, J. Submitted June 11,
1914. (Docket No. 62.) Decided March 17, 1915.

Bill by Royal A. Hawley against Grace Dibble and
others to quiet title to certain real property. Decree
for defendants. Complainant appeals. Reversed.

*R. A. Hawley, in pro. per.,* for complainant.

*Ellis & Ellis,* for defendants.

BIRD, J. By this proceeding complainant is at-
tempting to quiet title to lots Nos. 4 and 13 of
Mercer's addition to the village of Saranac. In 1901
William Fitzgibbons was the owner thereof in fee, and
in April of that year he conveyed the lots by warranty
deed to Bernice Budway for a nominal consideration,
and on the same day she made a conveyance of the
same for a like consideration to "William and Sarah
Fitzgibbons, husband and wife," and both deeds were
duly recorded. In November, 1904, William Fitzgib-

bons died, leaving him surviving a widow and a daughter, Madeline, and also three children by a former marriage. In April, 1907, the widow, Sarah J. Fitzgibbons, conveyed an undivided half interest in the lots.to one Nathan F. Gould, and in November of the following year she conveyed the remaining undivided half to complainant.

It is the claim of complainant that the conveyance to William and Sarah Fitzgibbons, husband and wife, created an estate by the entirety, and that upon the death of William the entire interest passed to and vested in the survivor, Sarah J.

The position taken by the defendants, children of the first wife, is that at the time their father was married to Sarah J. he had not been divorced from his first wife, and that she was then living in the State of New York, and that, as a matter of fact, Sarah J. was not his wife when the deeds were made, and by reason thereof they took as tenants in common, and not by entirety, and upon the death of their father his undivided half of the estate descended to them. The chancellor who heard the case took the defendants' view of the case, and complainant has appealed.

The questions raised by the issues are:

(1) Is the question as to the ownership of the estate *res adjudicata?*
(2) What was the nature of the estate created by the deeds?

1. Defendants' claim of *res adjudicata* rests upon the fact that, after the death of William Fitzgibbons, they filed a petition in probate court to determine who were his heirs. The hearing thereon was followed by an order adjudging the three children by the former wife the legal heirs. It also found that William Fitzgibbons was the owner of the real property now in dispute, and determined that the three heirs were en-

titled to it in equal shares. The order also determined other issues which were afterwards passed upon by the circuit court, and later by this court (162 Mich. 416, 127 N. W. 313, 139 Am. St. Rep. 570), but with which we need not concern ourselves in this case.

We are unable to agree with defendants that complainant is foreclosed in this suit by the probate order referred to. The power of the probate court to determine the heirs of a deceased person is derived from 3 Comp. Laws, §§ 9469-9471 (4 How. Stat. [2d Ed.] §§ 11180-11182). These provisions provide that:

Probate courts may in certain cases "find and adjudge who are, or were, the heirs, minor heirs, or legal representatives of the deceased, and entitled by the laws of this State to inherit the real estate of the deceased, or to take title to the lands conveyed or granted to the heirs, minor heirs, or legal representatives of said deceased, which finding and adjudication shall be entered on the journal of said court, and which entry, or a duly certified copy thereof, shall be *prima facie* evidence of the facts therein found."

It will be observed that an order made under this statute is not conclusive. It merely provides that such a finding by the probate court shall be *"prima facie* evidence of the facts found therein." It has been held by this court that orders made in pursuance of this authority do not affect vested rights (*Miller* v. *Davis,* 106 Mich. 300 (64 N. W. 338), and that they are not appealable (*Lorimer* v. *Wayne Circuit Judge,* 116 Mich. 682 (75 N. W. 133). In the latter case Mr. Justice Long said, in reply to the argument that such orders were appealable under the general statute regulating appeals from probate courts, that:

"The act under which the proceedings were instituted does not purport to make the proceedings of the probate court conclusive upon anybody. They are not binding even upon the relator. The petitioner, or other persons interested, if not satisfied with the

findings, might, in any judicial proceeding, resort to original evidence, and wholly ignore the action of the probate court. The proceeding simply makes evidence, and any common-law jury could overturn it in any other proceeding."

We are therefore of the opinion that the claim of the defendants that the question is *res adjudicata* is without merit.

2. Upon the issue as to whether an estate by the entirety or an estate in common was created by the conveyances, the complainant insists that an estate by the entirety was thereby created, but he argues, whether it was or not, it so purported to be upon its face, and that parol evidence was not admissible to contradict it by showing that Sarah J. was not, in fact, the wife of William at the time the deeds were made. He supports this contention by a citation of several cases, but the one particularly relied upon is *Jacobs* v. *Miller*, 50 Mich. 119 (15 N. W. 42). We have examined this case with care, and are unable to distinguish it from the one under consideration. Upon the question as to whether parol proof was admissible to show that the parties were not in fact husband and wife, the court said in part:

"By the principles of the common law the legal effect due to the plain words of a deed cannot be contradicted by the parties or privies in any collateral matter by parol evidence. The terms must stand and receive their just legal significance. 2 Whart. Ev. 1050, 1054, and cases; *Jackson* v. *Foster*, 12 Johns. [N. Y.] 488; *Jackson* v. *Robert's Ex'rs*, 11 Wend. [N. Y.] 422. The name of the grantee is part of the deed (2 Rolle's Abr. 43), and, where a deed is made to several individuals without designating in what proportions they shall hold, they will take in equal proportions precisely as though it had been detailed at length in the deed (*Campau* v. *Campau*, 44 Mich. 31 [5 N. W. 1062]; *Treadwell* v. *Bulkley*, 4 Day [Conn.], 395 [4 Am. Dec. 225]), and no parol proof can be admitted to give the deed a different effect than such

as the words in it legitimately import. *Treadwell* v. *Bulkley, supra; Morse* v. *Shattuck,* 4 N. H. 229 (17 Am. Dec. 419) ; *Gully* v. *Grubbs,* 1 J. J. Marsh. (Ky.) 388, 389, 390; 1 Cowen & Hill's notes, 217, 1428 *et seq.,* 1442, 1444. The case before us is governed by the same principle."

The cases of *Dowling* v. *Salliotte,* 83 Mich. 131 (47 N. W. 225), and *Auditor General* v. *Fisher,* 84 Mich. 128 (47 N. W. 574), are cited in support of the proposition that oral evidence is admissible for the purpose of showing that the parties were, as a matter of fact, husband and wife, in order to show that the estate is one by the entirety. Those are cases in which the deeds were silent as to whether the parties were husband and wife. In such event the rule against contradicting the terms of a written instrument by parol evidence would not be infringed; whereas, if the deed stated the parties were husband and wife, and it should be shown by parol evidence that they were not, the rule would be violated.

In the Jacobs case another reason is given why defendants should not be permitted to contradict the recited fact in the deed that the parties were husband and wife. It is that:

"One who claims under a deed confirms all its provisions, and cannot establish his claim by adopting those provisions, only, which are in his favor, while he repudiates or contradicts others that are repugnant thereto."

In the instant case the defendants, who are trying to contradict the terms of the deed in this respect, are claiming an undivided half interest in the lots by force of the same deed. They do not accept the instrument as a whole. They accept what is favorable to them, and attempt to reject what is unfavorable. This is just what the Jacobs case holds they ought not to be permitted to do.

The decree of the trial court will be reversed, and one will be entered in conformity herewith, with costs of both courts to complainant.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.