## SITTER *v.* SITTER'S ESTATE.

1. ESTATES OF DECEDENTS — ALLOWANCE TO WIDOW OF WEARING APPAREL, ETC.—APPEAL AND ERROR.

   In proceedings for allowance to a widow of the wearing apparel, ornaments, and household effects of the deceased, under 3 Comp. Laws 1915, § 13913, there is no appeal from the order of the probate court.

2. SAME—DIVORCE—DECLARATORY JUDGMENT.

   In proceedings under 3 Comp. Laws 1915, § 13805, for the widow's distributive share of the personal property, where it appears that there is no personal property out of which plaintiff could be granted a distributive share, the court will not, on appeal, determine the validity of a divorce between her and deceased for the purpose of determining her right to bring ejectment for her interest in deceased's real property as his widow, since it would be a declaratory judgment.

Error to Sanilac; Beach (Watson), J.    Submitted

April 10, 1924.    (Docket No. 37.)    Decided June 2, 1924.

Petition by Almeda Sitter for a distributive share in the personal estate of Valentine Sitter, deceased.    The petition was denied in the probate court, and plaintiff appealed to the circuit court.    Judgment for defendant.    Plaintiff brings error.    Affirmed.

*Alex. B. Simonson* (*Frank C. Rommeck*, of counsel), for appellant.

*C. F. Gates*, for appellee.

WIEST, J.    Claiming to be the widow of Valentine Sitter, who was divorced from her in 1893, and who died, testate, in 1921, plaintiff filed a petition in the probate court asking for the widow's distributive share of the personal property of the Sitter estate.    In the probate court, and on appeal in the circuit court, she was found not to be the widow of Valentine Sitter, and the case is here by writ of error.    Plaintiff claims the divorce was void for jurisdictional defects apparent on the face of the record.

This is not a proceeding under the statute (3 Comp. Laws 1915, § 13913), for allowance to a widow of the wearing apparel, ornaments and household effects of the deceased and other personal property to be selected by her, not exceeding in value $200.    If it were there could have been no appeal from the probate order. *Bordwell* v. *Saginaw Circuit Judge*, 119 Mich. 421. This is a proceeding under the statute (3 Comp. Laws 1915, § 13805), making all dispositions of personal property by last will and testament subject to the election of the wife to take her sum or share under the statute of distributions.

The record contains the inventory and appraisal of the estate and discloses personal property consisting of a horse, old buggy, wagon and a harness, all of

the value of $50.    This proceeding does not concern
such property and, as it appears there was no other
personal property out of which petitioner could be
granted a distributive share, if the wife of Valentine
Sitter at the time of his death, we find no occasion to
pass on the validity of the divorce.

Counsel for plaintiff asks us to pass upon the validity
of the divorce and settle the question as it is intended
to bring ejectment for plaintiff's interest in the real
property.    So far as the case before us is concerned,
decision of the question would accomplish nothing and
as to future litigation, it would be a declaratory
judgment and the request must be denied.

The judgment is affirmed, with costs against plaintiff.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE,
STEERE, and FELLOWS, JJ., concurred.