## ESTATE OF BOSSE: GREATENS, Appellant, vs. BOSSE, Respondent.

*March 14—May 1, 1945.*

For the appellant there was a brief by *M. E. Davis* and *G. F. Clifford,* attorneys, and *L. O. Warne* of counsel, all of Green Bay, and oral argument by *G. F. Clifford.*

For the respondent there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *Walter T. Bie*.

BARLOW, J.   Mary Bosse, widow of Joseph C. Bosse, deceased, filed a petition in the county court of Brown county, praying that the court direct the executors to turn over to her household furniture selected by her pursuant to the provisions of sec. 313.15 (1), Stats.   Objection was made to the selection by Emma Greatens, who shared equally with the widow as residuary legatee and devisee in the estate of the deceased.

A stipulation of facts sets forth that Mr. and Mrs. Bosse maintained an apartment in the Northland Hotel in the city of Green Bay, where they resided as man and wife for twenty years.   Furnishings in the bedroom of the apartment belonged to the hotel.   There were articles of furniture in the living room of the apartment which belonged to Mr. Bosse. Mr. and Mrs. Bosse took their meals in the hotel dining room. They had no kitchen utensils in the apartment.   Mr. Bosse owned a summer home located on the bay shore at Schumacher Point in Door county, approximately twenty-seven miles from the city of Green Bay.   At the time of his death the articles in question were located in the summer home.   Mr. Bosse was the owner of and in possession of them at the time of his death.   Mr. Bosse would go to the summer home from his place of business, and occasionally would stay there over night.   Mrs. Bosse never used the summer home, nor the furniture and cooking utensils in it. ' Mr. Bosse informed Mrs. Bosse of the various articles he purchased.   It was agreed that the overstuffed chair, two straight wicker chairs, six Kungholm service dishes, one wicker rocker, one breakfast dish (Blue Ridge Mountain) are owned by Emma Greatens.

Appellant contends the court erred in allowing the widow the household furniture located in the Bosse summer home.

The sole question is the application of sec. 313.15, Stats. This section relates to the distribution of personalty. The introductory paragraph provides:

"When any person shall die possessed of any personal estate or of any right or interest therein, whether disposed of by will or not, the same shall be applied and distributed as follows:"

Appellant contends that the articles in question did not constitute the household furniture of the deceased because said articles were located in the summer home and not used by the respondent widow, Mrs. Bosse. The fact that Mrs. Bosse never resided in the summer home or cottage does not change the fact that the articles in question are articles of household furniture. It does not appear in the stipulated statement of facts that Mrs. Bosse was prohibited from going to or living in the summer home. The statute does not make the right of the widow to the household furniture depend on her use of the property. As the lawful widow of Joseph C. Bosse, the respondent is entitled to the provisions made for her under sec. 313.15 (1), Stats.

Appellant contends that subs. (1), (2), and (3) of sec. 313.15, Stats., must be considered as a whole, that they are exemption statutes. Counsel argues that said statutes were enacted for the express purpose of protecting the wife and family of the deceased. We see no point in counsel's contention that the three subsections must be interpreted together. Sub. (1) provides:

"The widow, if any, shall be allowed all her articles of apparel and ornaments, also all wearing apparel, family pictures and ornaments of the deceased, except such as may have been specifically bequeathed by the deceased, *also the household furniture of the deceased.* . . ."

Then follows:

"also all provisions and fuel on hand provided for family use, also other personal property to be selected by her, not exceeding in value two hundred dollars. . . ."

Whether sub. (1) is an exemption statute or a distribution statute seems immaterial. Conceding that Mr. and Mrs. Bosse were husband and wife, that the articles in question are in their nature articles of household furniture, that they were owned by Mr. Bosse at the time of his death, the mere fact that such articles of household furniture were located in the Bosse summer home does not destroy their character as household furniture and the widow's right to select the same. The statute is entitled to a liberal construction in favor of the widow. *Estate of Breen* (1915), 94 Kan. 474, 146 Pac. 1147, 4 A. L. R. 238.

It must be conceded that the articles in question are articles of household furniture—chairs, tables, beds, dishes, etc. The statute is clear and definite. No conditions are attached. The only limitation is in the language "the household furniture" of the deceased. "Household," as used herein, would appear to limit and qualify "furniture" in that it would describe furniture used by the deceased for his convenience and comfort; in other words, "household furniture" negatives furniture owned and used for commercial purposes. It is not contended that the furniture in question was used by anyone but the deceased. It was owned by him and used for his convenience and comfort. It follows that the order should be affirmed.

*By the Court.*—Order affirmed.