ESTATE OF PENGELLY: GIBBON, Guardian, Appellant, vs.
PENGELLY, Executor, Respondent.

*October 16—November 20, 1945.*

The cause was submitted for the appellant on the brief of
*J. Charles Pile* of Dodgeville, and for the respondent on the
brief of *George J. Larkin* of Dodgeville.

WICKHEM, J. Decedent died March 26, 1942, leaving a last will and testament by the terms of which portions of his property were left to his widow, applicant here. Applicant was incompetent, and her guardian being dissatisfied with certain provisions of the will gave notice of his determination to take the provisions made for the widow under the laws of descent instead of those made for her by the will. The executor listed as an asset of the estate a diamond necklace and a diamond brooch appraised at $300 each, and the guardian of the widow filed with the county court the widow's separate inventory containing selection of these articles under sec. 313.15, Stats. It is from the disallowance of this selection that appeal is taken.

Sec. 313.15 (1), Stats., reads as follows:

*"Allowance to widows.* The widow, if any, shall be allowed all her articles of apparel and ornaments, also all wearing apparel, family pictures and ornaments of the deceased, except such as may have been specifically bequeathed by the deceased, also the household furniture of the deceased; also all provisions and fuel on hand provided for family use, also other personal property to be selected by her, not exceeding in value two hundred dollars. This allowance shall be made whether the widow waives or accepts the provisions made for her in the will of her husband or when no provision is made for her, as well as when he dies intestate."

It is the contention of appellant that the brooch and necklace are unambiguously "ornaments;" that being owned by deceased, they are necessarily ornaments of the deceased, and as such, literally within the provisions of the section. It is conceded by appellant, in acquiescence to the decision in *Estate of Bosse, ante,* p. 44, 47, 18 N. W. (2d) 335, that had the decedent been a jeweler and this a part of his stock in trade, it would not be within the section. In the *Bosse Case,* which relates to furniture, this court said that the word "household" as applied to furniture "would appear to limit and qualify

'furniture' in that it would describe furniture used by the deceased for his convenience and comfort; in other words, 'household furniture' negatives furniture owned and used for commercial purposes." In the *Bosse Case,* the furniture was used in a summer cottage resorted to by decedent, but never used by his wife or devoted to family purposes.

In this case, evidence was introduced tending to show that the brooch and necklace were items of feminine adornment; that they were acquired as pledges to secure a loan made by decedent; that default had been made upon the loan and the security kept in satisfaction of the loan; that the items were kept in a safety-deposit box as an investment.

From all this we conclude that these were not ornaments of the deceased. While they are intrinsically ornaments, they were neither designed nor useful for nor used for the ornamentation of decedent. Had the jewelry been given to the wife, they would have been her ornaments. They were, however, used for commercial purposes and, as the county judge held, occupied no different position in the estate of deceased than would a stock of goods or a share of stock or a bond.

If decedent, by investing his surplus funds in jewelry, never using it, or contemplating its use as ornaments, may create an estate which goes by the terms of sec. 313.15 (1), Stats., the purpose, scope, and effect of the section would be gravely distorted. The section is designed to permit the widow to select apparel, household goods, and ornaments owned by deceased and used by him as such. It was not the intent of the legislature to go further than this. In order to establish that an item is an ornament of deceased, it is necessary to go beyond the mere showing that it is intrinsically an ornament in cases where the ornament is not used as such by the wife and is not capable of being so used by the husband. In all such situations, evidence should certainly be admitted which will throw light on its proper disposition as an item in the estate.

The trial court in this case disposed of the matter correctly and conformed to the letter and the spirit of the governing statute.

*By the Court.*—Order affirmed.