O'DONNELL v. WENDELL.

1. ESTATES OF DECEDENTS—STATUTES—CONSTRUCTION—PERSONALTY FOR WIDOW.

Statute providing for the setting apart of specific property to the widow on the death of her intestate husband is entitled to a liberal construction for her benefit (CL 1948, § 702.93).

2. SAME—ASSETS—HOUSEHOLD FURNITURE—WIDOWS—STATUTES.

The statute allowing to the widow the household furniture of the deceased intestate imposes no limitation upon the location of the household furniture, hence the widow was entitled to such furniture in the home located in this State, in the summer home located in Canada and in the winter home located in Florida upon the death of the husband, resident of this State, there being no intent in the statute that such furniture should be administered as an asset of the estate of the deceased husband (CL 1948, § 702.93).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 3, 1951. (Docket No. 15, Calendar No. 44,651.) Decided December 3, 1951.

Bill by Edward J. O'Donnell, administrator de bonis non of the estate of Leo M. Wendell, deceased, against Elfreda E. Wendell to require that certain household furniture be considered as assets of estate. Bill dismissed on motion. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur, Descent and Distribution § 90.
[2] 16 Am Jur, Descent and Distribution § 91.

*William J. McBrearty* and *Wilbur F. Campbell*
(*Harry Cohen*, of counsel), for plaintiff.

*Kopietz & Burau,* for defendant.

SHARPE, J. This is an appeal from an order of
the circuit court of Wayne county, in chancery, dis-
missing a bill of complaint wherein it was alleged
that Leo M. Wendell died intestate July 10, 1945;
that at the time of his death, he was a resident of
and domiciled in Wayne county; that deceased and
his widow jointly owned real estate at Grosse Pointe
Park, a summer cottage in Canada and a winter
home in Florida; that all 3 homes were adequately
furnished; that defendant was appointed adminis-
tratrix of her husband's estate and has refused to
make an inventory of the furniture and household
furnishings in the 3 houses owned with deceased;
that defendant has refused to permit appraisers,
duly appointed, to inventory and appraise the house-
hold furnishings in the Canadian summer home;
that defendant has sold the home and furnishings
in Florida and wrongfully converted the money re-
ceived from such sale to her own use to defraud
creditors; and that there are lawful claims against
the estate of deceased in excess of $12,000. The bill
of complaint asks that the household furnishings in
the Canada and Florida homes at the date of the
death of deceased be decreed to be assets of the
estate.

Defendant filed a motion to dismiss the bill of
complaint for the following reasons:

"1. The bill of complaint fails to state a cause of
action.

"(a) The bill admits the properties were owned
jointly by the defendant and her deceased husband.

"(b) The bill recites the statute to-wit: The abso-
lute and selective rights in personalty, being CL

1948, § 702.93 (Stat Ann 1943 Rev § 27.3178 [163]), wherein the widow is allowed the household furniture of the deceased.

"2. That if a cause of action exists plaintiff has adequate remedy at law.

"3. Property subject matter of this suit is not within the jurisdiction of this court."

The trial court held that defendant as widow of Leo M. Wendell was entitled to the household furniture in all 3 homes. Plaintiff appeals and urges that the furniture and furnishings contained in the Florida and Canadian houses, or the proceeds thereof, are assets of the estate of Leo M. Wendell.

The present suit requires a construction of CL 1948, § 702.93 (Stat Ann 1943 Rev § 27.3178 [163]), which reads in part:

"1. The widow, if any, shall be allowed all her articles of apparel and ornaments, and all wearing apparel and ornaments of the deceased, and the household furniture of the deceased, and other personal property to be selected by her, not exceeding in value $200, and the allowance shall be made as well when the widow elects not to abide by the terms of the will of her husband as when he dies intestate."

The Michigan statute on widow's allowances has undergone several changes since the Revised Statutes of 1838. Since that date, whenever the legislature granted the widow household furniture there was no intent that it should be administered as an asset of the estate. See *Bordwell* v. *Saginaw Circuit Judge,* 119 Mich 421. Up to date we have had no occasion to construe the meaning of the words "the household furniture of the deceased."

*In re Breen's Estate,* 94 Kan 474 (146 P 1147, 4 ALR 238), it was said:

"Provisions for setting apart specific property to the widow on the death of her husband have been

held to be entitled to a liberal construction for her benefit, and to apply where there is a will as well as in the case of intestacy."

See, also, *Phillips* v. *Phillips,* 151 Ala 527 (44 So 391, 15 Ann Cas 157), and *Estate of Bosse,* 247 Wis 44 (18 NW2d 335, 158 ALR 311). Many other States have adopted a liberal policy in favor of the widow.

From an examination of the several changes since the Revised Statutes of 1838, pt 2, title 4, ch 2, § 1 and ch 3, § 4, it is apparent that our legislature has liberalized the benefits to be granted the widow.

In *Estate of Bosse, supra,* the Wisconsin court had under construction a statute similar to ours. In that case Mr. Bosse and wife lived in an hotel apartment partly furnished by themselves. They also had a summer home, used occasionally by Mr. Bosse. It was there held that the widow was entitled to the furniture in the summer home. The court said:

"The fact that Mrs. Bosse never resided in the summer home or cottage does not change the fact that the articles in question are articles of household furniture.   *   *   *   The statute does not make the right of the widow to the household furniture dependent on her use of the property."

We are not in accord with plaintiff's views that the statute granting the household furniture to the widow applies only to the home in Grosse Pointe. The statute makes no limitation upon the location of the household furniture. The statute clearly states, "and the household furniture of the deceased."

In our opinion the widow is entitled to all of the furniture in the 3 homes mentioned in this opinion. The order dismissing plaintiff's bill of complaint is affirmed, with costs to defendant.

Reid, C. J., and Boyles, North, Dethmers, Butzel, Carr, and Bushnell, JJ., concurred.