BRUUN *v.* HANSEN.

1. ESTOPPEL—TITLE TO LAND.

     Title to land may not rest on estoppel.

2. TAXATION — NOTICE OF RECONVEYANCE—TAX LAND HOMESTEAD CHAIN OF TITLE.

     Valid service of notice, of reconveyance from tax sale upon last record title holder in tax land homestead chain of title is sufficient compliance with the applicable statutory requirement (1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.]).

3. SAME—CORPORATIONS—SERVICE OF NOTICE OF RECONVEYANCE.

     Service of notice of reconveyance upon one who had been, but was not at time of service, a representative of corporation which was last record title holder in tax land homestead chain of title *held*, ineffective, since it was not such service as is authorized by statute (1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.]).

4. CORPORATIONS—ELECTION OF OFFICERS—COLLATERAL ATTACK — EJECTMENT.

     Legality of election of officers of a corporation owning lands sold for taxes may not be inquired into in action of ejectment by trustee to whom corporation had conveyed all its property against purchasers at tax sale, notwithstanding one of the three stockholders had made an assignment for benefit of his creditors.

5. TAXATION—SERVICE OF NOTICE OF RECONVEYANCE—CORPORATIONS—OFFICERS—ESTOPPEL.

     In action of ejectment by trustee to whom corporation had conveyed all its assets for purposes of liquidation against purchasers at tax sale, plaintiff *held*, not estopped to deny person upon whom defendants had served notice of reconveyance from tax sale was then a proper representative of the corporation upon whom service might be made because his name was upon

last annual corporate report filed with the secretary of State, another person had been elected secretary-treasurer in place of person served and location of home office changed but 17 days before attempted service and no showing is made reliance was placed upon contents of report to secretary of State.

6. CORPORATIONS—OFFICERS—ESTOPPEL.

Stockholders or others beneficially interested in a corporation ought not to be bound or estopped by the conduct of one who is neither an officer nor a director.

7. SAME—SUSPENSION OF POWERS—ELECTION OF OFFICERS—TRUSTS—EJECTMENT.

Deed, executed by corporate directors who were elected while corporate powers were suspended but before charter was forfeited, to trustee for purpose of distributing remaining assets incident to winding up corporate affairs, conveyed sufficient title to grantee to permit maintenance of action of ejectment, since such election was within powers implied in authority granted to do acts necessary to wind up affairs within three years after such delinquency (Act No. 327, §§ 75, 87, 91, Pub. Acts 1931).

Appeal from Otsego; Bilitzke (Edward A.), J. Submitted April 20, 1937. (Docket No. 128, Calendar No. 39,445.) Decided October 4, 1937.

Ejectment by John Bruun, trustee of the assets of T. E. Douglas Company, a Michigan corporation, against Fred C. Hansen, J. Harry Green and Beatrice Green. Judgment for defendants. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*F. Norman Higgs* (*Clark & Henry,* of counsel), for plaintiff.

*William T. Yeo,* for defendants.

NORTH, J. Plaintiff brought ejectment against defendants to recover possession of the southwest

quarter of the northwest quarter of section 21, town 29 north, range 2 west, in the county of Otsego, Michigan. He relied upon a homestead tax land deed from the State of Michigan to T. E. Douglas Company. There was judgment for defendants and plaintiff appeals.

Most of the questions herein are governed by *Bruun* v. *Cook,* 280 Mich. 484.

Defendants contend plaintiff is estopped from asserting title. Title to land may not rest on estoppel. *Nowlin Lumber Co.* v. *Wilson,* 119 Mich. 406; *Huyck* v. *Bailey,* 100 Mich. 223; *Wilson* v. *Railroad Co.,* 132 Mich. 469; *McVannel* v. *Pure Oil Co.,* 262 Mich. 518.

While it is not covered by the questions presented in the briefs, appellant in the body of one of its briefs says:

"In this case, it is conceded that the last grantee of record in the regular chain of title from the patent was not served with notice of a right to reconveyance, the only service claimed by the appellees to have been made was upon T. E. Douglas Company as the holder of a State homestead tax land deed."

While not very seriously urged, it is intimated by appellant that because of the service having been made as above noted, appellee has not acquired a valid tax title to the land involved. This contention cannot be sustained. In *Price* v. *Stark,* 259 Mich. 407, we held that valid service upon the last record title holder in the tax land homestead chain of title is sufficient compliance with the applicable statutory requirement. 1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 (1st Ex. Sess.).

But appellant also contends that the tax title asserted by appellees is fatally defective because of improper service of the notice of reconveyance; and

that therefore defendants are wrongfully holding possession. The return of service of the notice of reconveyance shows such service on September 16, 1933, "upon T. E. Douglas Company, the owner, by then and there delivering to Marius Hanson, the secretary and treasurer of said T. E. Douglas Company (a Michigan corporation)." As a matter of fact on September 16, 1933, Marius Hanson was not the secretary or treasurer of the T. E. Douglas Company, nor was he an officer in any capacity or a director of the company at that time. Instead A. Brockmiller had been elected secretary-treasurer of the company on August 30, 1933. The service of notice to redeem was not made upon anyone who at the time represented the company in any capacity. It was not such service as is authorized by the statute (1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.]), and was wholly ineffective. *Defoe* v. *Wayne Circuit Judge,* 252 Mich. 337.

The legality of the election of officers in the corporation on August 30, 1933, is sustained by our decision in the companion case, *Bruun* v. *Cook, supra.* The trial court held that plaintiff was estopped to deny that Marius Hanson was secretary-treasurer of the corporation. The grounds of such estoppel were: (1) That the Douglas Corporation did not file with the secretary of State a notice that its principal office had been changed from Grayling, Michigan to Bay City, Michigan; and (2) that the last annual report filed August 1, 1930, listed Marius Hanson as secretary-treasurer. The failure to file with the secretary of State notice of change of the corporation's principal office had no material bearing upon the legality of the service upon Hanson; nor did the fact that in the last annual report

(1930) to the secretary of State, Hanson was stated to be the secretary-treasurer. This statement was then true. We discover no facts in the record sustaining the trial court's finding of estoppel. In this connection it may be noted that the location of the home office was changed and Brockmiller became secretary-treasurer of the corporation only 17 days before the attempted service of notice of reconveyance. It would be going too far to hold that an estoppel of this character accrued in such a short time.

Service of process upon one who has ceased to be an officer of a corporation was held invalid in *Lushington* v. *Seattle Auto & Driving Club,* 60 Wash. 546 (111 Pac. 785). The stockholders or others beneficially interested in the corporation ought not to be bound or estopped by the conduct of one who is neither an officer nor a director. It may also be noted that there is no showing that in making the service upon Hanson there was any reliance on the corporation's report filed with the secretary of State in 1930.

The defendants had not served the required statutory notice of reconveyance and when this suit was instituted they were unlawfully in possession. 1 Comp. Laws 1929, § 3537. *Corrigan* v. *Hinkley,* 125 Mich. 125. As pointed out by Justice POTTER in *Bruun* v. *Cook, supra,* plaintiff, as trustee, had sufficient title to enable him to bring this suit in ejectment. The judgment entered in the circuit court should be vacated and the case remanded for entry of judgment for plaintiff, with costs of both courts.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.