## STONE *v.* CULVER.

1. HUSBAND AND WIFE—TENANCY BY ENTIRETIES—UNITY OF TIME AND TITLE—TENANCY IN COMMON.

   Deed of property by woman, using her name as a widow as grantor, to her second husband and herself, executed shortly after her remarriage, in fact created a tenancy in common, and not a tenancy by the entireties, as the requisite unities of time and title were lacking.

2. ESTOPPEL—TITLE AS TENANTS BY ENTIRETIES—ADMINISTRATORS—HEIRS.

   Since woman, who used her name as widow as grantor in deed of her property to herself and husband after her remarriage, would be estopped by her conduct from asserting that a tenancy by the entireties had not been created, neither the administrator of her estate nor her heirs have greater rights and are likewise estopped.

3. SAME—PAROL EVIDENCE TO VARY TITLE.

> While title may not be created by estoppel, when a person has so acted as to make it appear from the face of a deed that a certain title has been created he may be' estopped to vitiate a title apparently created by introducing parol evidence to show that that is not the actual title.

4. SAME—APPARENT PAPER TITLE—STATUTE OF FRAUDS.

> Rule that title may not be created by estoppel is to prevent the uncertainty of titles which would arise if the statute of frauds could be evaded and parol evidence of an estoppel could be introduced to show that the paper title is not what it appears to be and such rule is inapplicable to case where estoppel serves to defend and not to destroy the apparent paper title (3 Comp. Laws 1929, § 13411).

5. SAME—APPARENT PAPER TITLE.

> A party may not be estopped from claiming that the paper title is what it appears to be but he may be estopped from showing by parol evidence that the paper title is not what it appears to be.

6. DEEDS—ESTOPPEL TO SHOW TITLE TO BE DIFFERENT THAN IT APPEARS.

> Grantee of widower, as survivor of himself and wife who had conveyed land she had owned to herself and husband by a deed, executed after her marriage, in which she had used her previous name as grantor and her new name as cograntee *held*, entitled to have title quieted in him as sole owner of property on appeal of the administrator and heir of the deceased woman's estate since appellants are estopped to show title different from that she appeared to create and plaintiff is not estopped to show it to be as it appears.

Appeal from Wayne; Brown (William B.), J., presiding. Submitted July 15, 1938. (Docket No. 110, Calendar No. 39,947.) Decided November 10, 1938.

Bill by John Stone against Charles H. Culver, administrator of the estate of Louise Rachel Haney, deceased, and Charles H. Howard and wife and Beulah May Dick and William Edwards to quiet

title to land. Suggestion of death of defendant Howard. Cross-bill by defendant Charles E. Howard, trustee under the last will and testament of Charles H. Howard, original defendant, against plaintiff to quiet title to property and for other relief. Decree for plaintiff. Defendants Dick and Culver, administrator of the estate of Louise Rachel Haney, appeal. Affirmed.

*Herbert A. Denis,* for plaintiff.

*Charles Bowles (Herbert S. Rosten,* of counsel), for defendants Dick and Culver, administrator.

BUTZEL, J. Prior to April, 1929, Louise Greeley, a widow, owned a piece of real estate in Highland Park. On April 5, 1929, she married Edgar Haney and on April 8th executed a deed of the property, naming Louise Greeley as grantor and Edgar Haney and Louise Haney, his wife, as grantees. On January 24, 1932, Louise Greeley Haney died. On April 18, 1932, Edgar Haney, widower, conveyed the property by warranty deed to Charles H. Howard, as security for a loan, taking back a land contract. On April 6, 1933, Edgar Haney assigned his interest in the land contract to plaintiff John Stone.

In 1934, the administrator of the estate of Louise Haney notified plaintiff that Mrs. Haney had had two children, who were her heirs, and that the estate claimed a one-half undivided interest in the property. Plaintiff thereupon filed this bill, naming the administrator, the two heirs, and Charles H. Howard and wife as defendants. He paid the balance due under the land contract into court and asked that title be quieted in him and that defendant Howard be ordered to execute a deed of the premises to him.

At the trial, the evidence disclosed that Louise Greeley and Louise Haney were one and the same person. The trial judge nevertheless found that the deed of April 8, 1929, served to create a tenancy by the entireties in Edgar and Louise Haney. He thereupon held that the entire title passed to Edgar Haney, as survivor, on the death of his wife and that no interest passed to the estate of Louise Haney or to her heirs. The decree entered granted plaintiff the relief prayed for. The administrator and one heir appealed.

Since Louise Greeley, grantor, and Louise Haney, co-grantee, were one and the same person, the deed of April 8, 1929, did not, as a matter of fact, create a tenancy by the entireties. *Michigan State Bank of Eaton Rapids* v. *Kern,* 189 Mich. 467. The requisite unities of time and title were lacking. *Union Guardian Trust Co.* v. *Vogt,* 263 Mich. 330. Edgar and Louise Haney were tenants in common and not tenants by the entireties. *Michigan State Bank of Eaton Rapids* v. *Kern, supra.*

However, even though, as a matter of fact, the deed did not create a tenancy by the entireties, the heirs and estate of Louise Haney are in no position to assert that fact. If Louise Haney and Louise Greeley had been two different persons, then a tenancy by the entireties would have been created. Except for the identity of the first names, there is nothing on the face of the deed to indicate that Louise Greeley and Louise Haney are not two different persons. Louise is an exceedingly common name, and, by one authority, has been ranked as the seventh most popular woman's name in the country. It is unusual for a person to deed property to himself, and even more unusual for him to use two different names in doing so. Anyone examining the deed or an abstract would

naturally be led to believe that a tenancy by the entireties had been created, and there is nothing to indicate that plaintiff Stone had knowledge of the true state of affairs. By failing to disclose on the face of the deed that the grantor and cograntee were the same person, as she might easily have done, Louise Haney represented that a tenancy by the entireties had been created. Plaintiff Stone would be prejudiced if appealing defendants were permitted to show by parol evidence that grantor and grantee were the same person and that a tenancy by the entireties was not in fact created. Louise Haney, if she were living, would be estopped by her conduct from asserting that a tenancy by the entireties had not been created. The administrator of her estate and her heirs have no greater rights and are likewise estopped. *Johnson* v. *Hogan,* 158 Mich. 635 (37 L. R. A. [N. S.] 889); *Stevens* v. *DeBar,* 229 Mich. 251.

It is true that title may not be created by estoppel. *Bruun* v. *Hansen,* 281 Mich. 362. But that is not this case. The estoppel does not create the title, but prevents the vitiation of a title already apparently created. When a person has so acted as to make it appear from the face of a deed that a certain title has been created, he may be estopped to introduce parol evidence to show that that is not the actual title. *Stevens* v. *DeBar, supra; Colonial Theatrical Enterprises* v. *Sage,* 255 Mich. 160; *Spitzeley* v. *Holmes,* 256 Mich. 559. The purpose of the rule that title may not be created by estoppel is to prevent the uncertainty of titles which would arise if the statute of frauds * could be evaded and parol evidence of an estoppel could be introduced to show

---

* See 3 Comp. Laws 1929, § 13411 (Stat. Ann. § 26.906).—RE-PORTER.

that the paper title is not what it appears to be. The rule is not applicable to the instant case in which the estoppel serves to defend and not to destroy the apparent paper title. A party may not be estopped from claiming that the paper title is what it appears to be, but he may be estopped, as in the instant case, from showing by parol evidence that the paper title is not what it appears to be.

The decree is affirmed, with costs to plaintiff.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.