COLLINS *v.* NORRIS.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—STRIK-
   ING NAME FROM DEED.
   Suit to have defendant's name stricken from deeds being a chan-
   cery case, is reviewed *de novo* by the Supreme Court.

2. DEEDS—HUSBAND AND WIFE—ESTATES BY ENTIRETIES.
   Where grantees, named in deeds as husband and wife, could not
   have been husband and wife at time deeds were executed, the
   deeds did not create an estate by the entireties.

3. FRAUD—BURDEN OF PROOF.
   One asserting right to relief in court because of alleged fraud
   on the part of defendant, has the burden of establishing such
   fraud.

4. SAME—INFERENCES—EVIDENCE.
   Fraud will not be presumed and cannot be lightly inferred, but
   must be established by a preponderance of evidence.

5. DEEDS—GRANTEES ERRONEOUSLY DESIGNATED AS HUSBAND AND
   WIFE—FRAUD—EVIDENCE.
   In suit to have defendant's name stricken from warranty deeds
   in which plaintiff and defendant were named as grantees and
   designated as husband and wife, evidence which showed they
   were not husband and wife failed to prove fraud on part of
   defendant in connection with the insertion of her name in the
   deeds as grantee.

6. SAME—GRANTEES ERRONEOUSLY DESIGNATED AS HUSBAND AND
   WIFE—TENANCY IN COMMON.
   Where grantees named in deeds were erroneously designated as
   husband and wife, they could not take title by the entireties,
   hence deed conveyed title to them as tenants in common.

7. SAME—TENANCY IN COMMON—RECORD—ACCOUNTING.
   In suit by one of two grantees named in deeds, who were er-
   roneously designated as husband and wife, to have defend-

ant's name stricken from the deeds and plaintiff declared the sole owner, where plaintiff failed to sustain his burden of proof of alleged fraud, the parties are declared tenants in common but determination of their respective interests is not made as neither party has sought an accounting and present record does not permit adjudication of such issue.

BUTZEL, C. J., and BUSHNELL and SHARPE, JJ., dissenting.

Appeal from Wayne; Ferguson (Frank B.), J. Submitted January 10, 1946. (Docket No. 63, Calendar No. 43,260.) Decided April 1, 1946.

Bill by Tom Collins against Lee F. Norris to have her name stricken from warranty deeds. Decree for plaintiff. Defendant appeals. Reversed and bill dismissed.

*Alvin D. Hersch* and *Samuel H. Weisman,* for defendant.

STARR, J. Defendant appeals from a decree which determined that plaintiff was the sole owner of certain residence property in the city of Detroit and that the name of defendant as one of the grantees should be struck out of the deeds conveying said property.

In 1941 plaintiff acquired the purchasers' interest in a land contract covering the house and lot at 986 Krakow place in the city of Detroit. Payments on the contract were made from time to time, and on August 28, 1943, the full balance was paid and a deed executed and delivered, which described the grantees as follows: "Thomas W. Collins and Lee F. Collins, his wife." Plaintiff later claimed that his correct name was Tom Collins, and at his request another deed dated October 20, 1943, was executed and delivered, which designated the grantees as "Tom Collins and Lee F. Collins, his wife." Both deeds were duly recorded.

Trouble apparently arose between these parties, and on November 27, 1944, plaintiff filed bill of complaint in the present suit, alleging that defendant was not his wife and that she had fraudulently caused herself to be named as one of the grantees in said deeds. He asked that her name be stricken from the deeds and that he be decreed to be the sole owner of the property. Defendant answered, denying the charge of fraud and that plaintiff was the sole owner of the property. While not affirmatively alleging that she was plaintiff's wife, defendant denied his allegation that she was not his wife. The trial judge held that defendant had perpetrated a fraud upon plaintiff by having her name inserted in the deeds as one of the grantees, and a decree was entered determining that plaintiff was the sole owner of the property and that defendant's name should be stricken from the deeds. Defendant's motion for a rehearing was denied, and she appeals. This being a chancery case, we review *de novo*.

Defendant claimed that she was plaintiff's common-law wife, although the record clearly indicates that, when the deeds in question were executed in 1943, she was married to one Charlie Norris. Plaintiff denied that defendant was his common-law wife and testified that at the time in question he was married to one Susie Collins. The record is convincing that the parties could not have been husband and wife at the time the deeds were prepared, and, therefore, the deeds did not create an estate by the entireties.

The next question is whether or not defendant fraudulently caused her name to be inserted in the deeds. Plaintiff was about 60 years old and was quite deaf. Neither of the parties was able to read or write to any extent. They were living in the house in question, and the testimony is in conflict as to their relationship. Plaintiff testified in substance

that their relationship was not intimate and that defendant was only a roomer in the house. However, he admitted that on several occasions he sent the payments on the land contract to the real estate office by defendant, and that he did not give any instructions as to how the deeds were to be prepared. Defendant testified that she and plaintiff lived together as man and wife, that she gave him the wages she earned, and that the deeds were prepared in accordance with his instructions. A real-estate agent testified that when the final payment was made on the land contract and the first deed was prepared, both plaintiff and his attorney were present, and that the attorney directed that the names of both plaintiff and defendant be inserted in the deed as grantees. The second deed was prepared in accordance with instructions in a letter from plaintiff's attorney to the real-estate agent. Plaintiff claimed that as he could not read, he did not discover that defendant's name was inserted in the deeds as a grantee until several months after they had been recorded.

Plaintiff based his right to relief on the alleged fraud of defendant, and the burden was upon him to establish such fraud. We have repeatedly said that fraud will not be presumed and cannot be lightly inferred, but must be established by a preponderance of evidence. *Fahey* v. *Pell,* 310 Mich. 280. In the present case we find no evidence satisfactorily proving fraud on the part of defendant in connection with the insertion of her name in the deeds.

As plaintiff has failed to establish the alleged fraud, and as the parties were not husband and wife and could not take title by the entireties, we conclude that the deeds conveyed title to them as tenants in common. As it is impossible from the evidence in the record before us to ascertain the respective in-

terests of the parties as tenants in common, and as neither party seeks an accounting or a determination of their interests, that matter cannot be adjudicated in the present case.

Other questions presented do not require consideration. The decree of the trial court is set aside, and a decree may be entered in this court dismissing plaintiff's bill of complaint. Defendant may recover costs of both courts.

CARR, BOYLES, REID, and NORTH, JJ., concurred with STARR, J.

SHARPE, J. (*dissenting*). I am unable to concur in the opinion of Mr. Justice STARR. The principal issue in this cause is whether Tom Collins authorized the name of Lee F. Norris to be inserted in the deed mentioned in Justice STARR's opinion. The record shows that Tom Collins purchased the Makowski's land contract on December 26, 1941; and that at the time of the purchase of the land contract and since, the name of Lee F. Norris was not inserted as a party to the contract.

On the trial of the cause Tom Collins testified:

"When I bought on the land contract, the name on there was Tom Collins. Her name was not on there at all. I mean Lee F. Norris, otherwise called by herself Lee F. Collins. Her name was not on the land contract, only my name.

"*Q.* How did her name get on this warranty deed? Did you tell anybody to put her name on this deed?

"*A.* No, no, I didn't tell him to put her name on.

"*Q.* Did you tell anybody?

"*A.* I didn't tell anyone to put her name on there.

"*Q.* Do you know why her name was on this deed?

"*A.* No.

"*Q.* Did you at any time ask Mr. Graves to put the name of Lee F. Collins, alleged to be your wife, on this second warranty deed?

"*A.* No.

"*Q.* Did you tell anybody else to put her name on this second warranty deed, known as exhibit 2?

"*A.* No.

"*Q.* Whose money went to pay for this place at 986 Krakow Place?

"*A.* Tom Collins' only."

Elmer J. Sexton, the realtor, testified that at the time the first deed was made out in August, 1943, Mr. Graves, the attorney, asked him to make out the deed to Thomas W. Collins and Lee F. Collins. Mr. Sexton further testified:

"*Q.* Did Tom Collins ever tell you to put Lee F. Collins' name on his deed?

"*A.* Not to my knowledge, no.

"*Q.* If he had, you would know it?

"*A.* I would say I would.

"*Q.* Did Tom Collins—

"*A.* No.

"*Q.* —ever tell you to put anybody else's name on his deed but his own?

"*A.* He did not."

Mr. Graves, the attorney, testified:

"I went with him (Tom Collins) to the office of Elmer J. Sexton, 1529 Ford Building, Detroit, Michigan; and while there, he paid the sum of $270 to Elmer J. Sexton, who was the agent of Ella R. Keary. At that time and at that place there was a conversation had as to the execution of the warranty deed. I did not specifically state whose names were to be placed on the deed. Mr. Sexton executed the deed and delivered it to me for Thomas Collins.

\* \* \* I did not ask anyone to insert the name of Lee F. Collins in the instrument—in either instrument as his wife.''

Lee F. Norris testified that she lived with plaintiff as his wife; that her name was on the original assignment; and that she paid some taxes on the property. She gave no testimony to the effect that plaintiff authorized anyone to place her name on the deed. An examination of the record including the assignment of land contract does not support her testimony that her name was ever on the assignment of the land contract. Moreover, there is no support to the claim that plaintiff authorized anyone to insert both names in the deed. There is no evidence in this case to the effect that Tom Collins authorized anyone to place both names in the deed. In view of this fact and the positive testimony of Tom Collins I conclude that plaintiff has more than made out a prima facie case of legal fraud. The record fully supports the finding of the trial court:

''I think the plaintiff in this case has sustained the burden of proof that Tom Collins never intended to have the name 'Lee Collins' inserted in these deeds. It was inserted in these deeds without legal authority and without his knowledge or consent.''

The trial judge was in a better position to judge the credibility of the witnesses than a reviewing court. The decree should be affirmed.

BUTZEL, C. J., and BUSHNELL, J., concurred with SHARPE, J.