SPENCE v. JONES.

1. Partition—Deeds—Description of Grantees.

Fact that defendant had contributed materially to the purchase of property which she and decedent had purchased while under the erroneous impression that if they were designated in deeds as "husband and wife" they would become tenants by the entireties *held*, not controlling in partition suit by administrator of decedent's estate, where deeds to them did not use the terms "joint tenancy" or "right of survivorship" and decedent had a wife living from whom he had not been divorced.

2. Same—Statutes.

Statutory provisions with reference to property owned by husband and wife as joint tenants or as tenants by the entireties have no application in suit for partition by administrator of estate of decedent grantee, a married man, against cograntee who had contributed toward purchase price of the property, since they were not husband and wife, contrary to description as such (CL 1948, § 552.103).

3. Tenants in Common—Description of Grantees in Deeds.

Grantees in deeds to property, described as husband and wife, but not such by reason of fact that the man had a wife living from whom he had not been divorced, took as tenants in common, hence, defendant woman had an undivided 1/2 interest in the property.

Appeal from Ingham; Hughes (Sam Street), J. Submitted January 6, 1960. (Docket No. 15, Calendar No. 48,253.) Decided April 11, 1960.

Bill by Edward Spence, administrator of the estate of Mack Jones, deceased, against Jenette Jones

References for Points in Headnotes
[1] 14 Am Jur, Cotenancy § 11.
[1, 2, 3] 14 Am Jur, Cotenancy § 20.

for partition of real estate.  Decree for plaintiff. Defendant appeals.  Affirmed.

*Alvin A. Neller,* for plaintiff.

*Joseph W. Planck,* for defendant.

Kelly, J.  Two parcels of real estate in Ingham county were deeded to "Mack Jones and Jenette Jones, husband and wife."

Subsequent to Mack Jones' death in 1956, Edward Spence was appointed administrator and a hearing on determination of heirs in probate court, confirmed on appeal to the circuit court, established the fact that Mack had a wife and 9 children in Georgia who were his lawful heirs.  The administrator filed suit for partition.

The Ingham county circuit court decreed that:

"The 2 pieces of real estate held by Mack Jones and defendant, as husband and wife, was in fact held by them as tenants in common and each party hereto is entitled to an undivided 1/2 interest therein since defendant was neither a wife nor widow of the deceased at any time as Mack Jones had a living wife, to wit: 'Leona Thomas' from whom he had never been divorced, nor a joint tenant as not divided [devised?] as such."

Defendant testified that she believed in good faith that she was Mack's common-law wife.* Defendant's bill for divorce was introduced containing the allegation that she was Mack's common-law wife and Mack admitted this fact by sworn answer.

Testimony of a real-estate agent was introduced to the effect that he had known Mack and defendant as husband and wife and had sold property to them.

---

* For claim of common-law marriage based on events subsequent to January 1, 1957, see CLS 1956, § 551.2 (Stat Ann 1957 Rev § 25.2).— Reporter.

Defendant and defendant's neighbors testified that she had worked and earned money and helped accumulate the property.

Neither of the 2 deeds used the words "joint tenancy" or "right of survivorship," nor any other words indicating the tenancy which was created by said deeds.

Appellant contends:

"Certainly it was the expectation of Mack and Jenette that they would take as husband and wife. They believed themselves to hold that relationship."

The fact that defendant contributed materially to the purchase of the property and that Mack and defendant were under the erroneous impression that if they were designated as "husband and wife" they would become tenants by the entireties, is not controlling.

Statutory provisions (CL 1948, § 552.103 [Stat Ann 1957 Rev § 25.133]) with reference to property owned by husband and wife as joint tenants or as tenants by the entireties have no application.

In *Cristia* v. *Cristia,* 317 Mich 66, 69-71, we said:

"At the time of the trial the parties owned the vendees' interest in a dwelling house occupied by both. The property was purchased on land contract in November, 1941. They were designated therein as husband and wife and it is plaintiff's claim that there was a common-law marriage between herself and defendant prior to the execution of said contract. Defendant denied any such relationship, claiming, in substance, that when the property was purchased he and plaintiff had agreed that they would be married in the future, and that the contract was drawn in the form indicated at plaintiff's suggestion. It is significant that in her bill of complaint plaintiff did not claim a common-law marriage, but rather alleged a ceremonial marriage in March, 1942. The performance of such ceremony indicates that the parties did

not regard themselves prior thereto as husband and wife. The trial court found that in fact there was no common-law marriage, and the record fully supports the conclusion in this regard.

"The decree directed the sale of the vendees' interest in the property being purchased under the land contract and an equal division of the proceeds. Plaintiff asks that the property be awarded to her, claiming that she contributed materially to its purchase. The evidence clearly establishes that each of the parties made payments on the purchase price. The trial court was fully justified in construing their respective interests therein as equal. Under the land contract, however, they did not take as tenants by the entireties but rather as tenants in common. It does not appear that the conveyance to them undertook to create a joint tenancy. Apparently the parties were under the erroneous impression that if they were designated as husband and wife they would become tenants by entireties, at least after the marriage occurred. On the record before us the conclusion cannot be avoided that each acquired an undivided 1/2 interest as a tenant in common. *Wright* v. *Kaynor*, 150 Mich 7; *McNitt* v. *McNitt*, 230 Mich 303; *Scott* v. *Grow*, 301 Mich 226 (141 ALR 819); *Collins* v. *Norris*, 314 Mich 145. In view of the actual situation with reference to the title to the property, the decree may not properly require its sale. Statutory provisions* with reference to property owned by husband and wife as joint tenants, or as tenants by the entireties, have no application. Plaintiff has an undivided 1/2 interest in the property, which may not be taken from her. The decree to be entered in this Court will leave the parties tenants in common of the vendees' interest under the land contract."

The record does not establish an estate by the entireties or a joint tenancy, and the trial court did not

_____

"* See CL 1929, § 12768 (CL 1948, § 552.103 [Stat Ann 1957 Rev § 25.133])."

err in decreeing that defendant has an undivided 1/2 interest as tenant in common.

Affirmed.    Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.