## DANIELS v. DANIEL.

1. MARRIAGE—CAPACITY TO CONTRACT.

The ceremonial marriage of defendant and plaintiff's late husband was a nullity, where performed before he had even instituted suit for divorce, a proceeding which was later dismissed without a hearing on the merits.

2. EXECUTORS AND ADMINISTRATORS—CONSERVATION OF ASSETS.

The widow of deceased who is also the legal representative of his estate, has the obligation to protect and conserve the assets, and to recover the property interests of decedent of which he was seized or possessed at the time of his death, and her interests are not in opposition to the estate.

3. STIPULATIONS—EFFECT.

A stipulation of facts stands in lieu of testimony and may be given effect accordingly.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 35 Am Jur, Marriage § 148.
[2] 21 Am Jur, Executors and Administrators §§ 61, 205.
[3] 50 Am Jur, Stipulations § 17.
[4] 58 Am Jur, Witnesses § 182.
[5] 14 Am Jur, Cotenancy § 20.
Character and incidents of estate passing under deed to persons ostensibly but not legally husband and wife. 92 ALR 1420.
[6, 8] 19 Am Jur, Estoppel § 6.
[7] 19 Am Jur, Estoppel § 87.

4. ESTATES OF DECEDENTS—COMPETENCY OF WITNESSES.

Plaintiff administratrix of estate of her late husband would have been competent to testify that she had never secured a divorce from him nor been served with any notice that a decree of divorce had been granted to him, in suit against woman with whom deceased had been living to recover deceased's interest in property which had been conveyed to deceased and defendant in which the latter was designated as the wife of the other grantee, and the conveyances did not specify the grantees should take jointly.

5. DEEDS—HUSBAND AND WIFE—TENANCY BY ENTIRETIES—TENANCY IN COMMON.

A conveyance to a man and a woman, referred to as husband and wife, but who legally do not sustain that relation, does not create a tenancy by the entirety, but at most a tenancy in common.

6. ESTOPPEL—TITLE—ADMINISTRATRIX—HUSBAND AND WIFE—DEEDS.

The administratrix of the estate of deceased was not estopped to assert that conveyances which had named him and defendant as grantees and designated latter as the other grantee's wife, although she was not legally his wife, created merely a tenancy in common.

7. SAME—TITLE.

An estoppel may not create title but may operate to prevent the vitiation of a title apparently created.

8. SAME—TITLE—HUSBAND AND WIFE—EQUALLY DIVIDED COURT.

Claim of defendant that plaintiff, as administratrix of estate of deceased man with whom defendant was living at time of conveyances of property to deceased and defendant in which they were described as husband and wife, was estopped from asserting conveyances created a tenancy in common *held*, not well-founded, the Supreme Court being equally divided as to whether or not the issue of estoppel was before the Court.

9. SAME—TITLE—DEEDS.

*Estoppel will be applied by court to protect rights of others than grantees, their heirs or estates, where such rights depend upon apparent title created by deed. Per* SMITH, BLACK, EDWARDS, *and* SOURIS, JJ., *only.*

Appeal from Wayne; Targonski (Victor), J. Submitted October 7, 1960. (Docket No. 42, Calendar No. 48,745.) Decided January 9, 1961.

Bill by Edwina H. Daniels, individually and as administratrix of the estate of Joseph Daniel, also known as Joseph P. Daniels and otherwise, and Del Marie Ross against Katie Daniel to establish interest in properties taken by deed describing defendant erroneously as wife of deceased. Cross bill praying that defendant be decreed as sole owner and for determination of heirs. Decree for plaintiffs granting relief to plaintiff Daniels as administratrix only and barring her from taking any interest in estate because of a bigamous marriage. Defendant appeals. Affirmed.

*William Durance,* for plaintiffs.

*Harold. F. Coyle* (*George A. Porter,* of counsel), for defendant.

CARR, J. This suit was instituted in the circuit court of Wayne county for the purpose of obtaining an adjudication as to the respective interests of the parties in certain real estate in the city of Detroit. Material facts involved in the controversy were stipulated on a hearing before the circuit judge who heard the case. It appears that on September 25, 1935, plaintiff Edwina and Joseph Daniels, otherwise known as Joseph Daniel, were married in Jefferson county, Alabama. To this marriage there was born one child, Del Marie, who was named as one of the plaintiffs in the suit as originally instituted. It is conceded that Joseph Daniels and Joseph Daniel were one and the same person. In July following the marriage a divorce proceeding was instituted by the husband which resulted in a decree of dismissal, apparently for lack of prosecution, on April 12, 1937. A like suit instituted by the wife was also dismissed without a hearing on the merits.

On July 14, 1936, prior to the institution of the di-

vorce suit by Joseph Daniels, the plaintiff therein entered into a ceremonial marriage in the State of Georgia with defendant in the present suit. Subsequent to the year 1940 all 3 of the parties named lived in the city of Detroit, Joseph Daniels and the defendant living together in an ostensible marital relation and apparently holding themselves out to the public as husband and wife. On April 12, 1941, Edwina Daniels went through a marriage ceremony with Samuel D. Parrish. Subsequent divorce proceedings were terminated by the death of Mr. Parrish. It further appears that Joseph Daniels deceased on February 20, 1957, and letters of administration of his estate were issued by the probate court of Wayne county to plaintiff in the pending suit. In 1948 and 1956 conveyances of the property involved in the present case, certain lots in the city of Detroit, were made to Joseph Daniel and defendant, the instruments of conveyance designating defendant as the wife of Joseph.

The original bill of complaint in this suit was filed March 11, 1957. It alleged in substance that Edwina H. Daniels was the wife of Joseph P. Daniels as of the time of his death, and that she and the daughter, who was joined as plaintiff, were the heirs of the decedent. The bill was filed by Mrs. Daniels individually and as administratrix of the estate. It was alleged that the property in dispute had been conveyed to Joseph P. Daniel and Katie L. Daniel, "his wife", as grantees, that the said Katie L. Daniel was not the wife of Joseph, and that by fraud and deceit on her part she had caused her name to be inserted in the deeds. Decree was asked establishing the rights of the parties to the case with reference to the property, and adjudging that defendant had no right, title, or interest, therein.

To the bill of complaint defendant filed answer denying the material averments as alleged in said bill. A cross bill was also filed asserting that defend-

ant was the rightful owner of the property. Plaintiffs' answer to the cross bill denied defendant's claims therein set forth.

On November 20, 1957, plaintiff Edwina H. Daniels, as administratrix of the estate of the decedent, filed a pleading captioned as an amendment to the bill of complaint by the addition of a second count thereto. In substance, however, said pleading was an amended bill in which Mrs. Daniels alone was designated as plaintiff. Counsel for defendant obviously so considered it, and it is a fair inference that the suit was heard and determined by the trial judge on the issues raised by Mrs. Daniels' substituted pleading and the answer thereto filed by defendant. We note also that counsel for the plaintiff refers to it in his brief as an "amended bill of complaint." In consequence, we have before us a suit by the administratrix of the estate of Joseph P. Daniels who asserts in the amended bill that she is the widow of Joseph, that the conveyances to Joseph and the defendant created a tenancy in common, that Joseph and defendant were not husband and wife, and that Joseph was the owner at the time of his death of an undivided 1/2 interest in the property involved. A decree was sought in favor of the estate establishing ownership thereby of an undivided 1/2 interest in such property. Defendant's answer to the amended bill admitted the marriage between Edwina and Joseph Daniels, denied that it continued until the death of Joseph, and asserted that defendant was at least the common-law wife of Joseph at the time of his death. Other material averments of the plaintiff's pleading were denied.

The trial judge found the material facts to be as claimed by the plaintiff and entered a decree declaring that a valid marriage existed between Edwina H. Daniels and the decedent from the time of the ceremony on September 25, 1935, until the date of

death of the decedent. It was further adjudged that
defendant never became the lawful wife of Joseph
Daniels, and that the deeds by which the property here
involved was conveyed to them created a tenancy in
common, each grantee having an undivided 1/2 inter-
est. From such decree defendant has appealed.

The instruments of conveyance to Joseph Daniel
and defendant did not specify that the grantees
should take as joint tenants. Defendant's claim is
based on the ground that she was in fact the lawful
wife of Joseph at the time the deeds were executed,
and that they became tenants by the entirety. It ap-
pears from the record before us that a ceremonial
marriage between Joseph and defendant took place
before the divorce suit instituted by Joseph against
Edwina was filed. As above stated, such alleged
marriage took place on July 14, 1936. The order of
dismissal was filed April 12, 1937, because of failure
of the plaintiff to appear and prosecute. His answer
to the cross bill by Edwina Daniels was filed Novem-
ber 30, 1936, over 4 months after the marriage cere-
mony between him and defendant. Said answer
raised no question as to the existence of the marital
relation but merely denied the allegations of the cross
bill. The conclusion may not be avoided that said
marriage was a nullity. The conclusion of the circuit
judge in this respect is supported by the proofs.

We are not concerned in the case with the pre-
sumption of validity of a ceremonial marriage, and
there is no testimony from which the conclusion may
be drawn that the marriage between Edwina and
Joseph was dissolved prior to the death of the latter.
It appears from the stipulation of facts as set forth
by the trial court that if Edwina Daniels were permit-
ted to do so she would testify that she had never se-
cured a divorce from Joseph, and that she was
never served with any notice that a decree of divorce
had been granted to him. Under the amended bill

of complaint plaintiff's status is solely that of administratrix of the estate, and relief was asked and granted accordingly. She is, in other words, the representative of the estate of Joseph P. Daniels under the order of the probate court of Wayne county and as such her interests are not in opposition to said estate. Rather, it was her obligation under her appointment to protect and conserve the assets and to recover property interests of decedent of which he was seized or possessed at the time of his death. The stipulation of facts stands in lieu of testimony and may be given effect accordingly. Without discussing the matter further we think the trial judge was fully justified in finding that Edwina was still the lawful wife of Joseph at the time of his death.

It has been repeatedly recognized by this Court that a conveyance to a man and a woman, referred to as husband and wife but who legally do not sustain that relation, does not create a tenancy by the entirety. In *Collins* v. *Norris,* 314 Mich 145, 148, it was so held, this Court declaring that inasmuch as the grantees were not husband and wife they became tenants in common, although the instrument of conveyance referred to the defendant in the case as the wife of the plaintiff. It is somewhat significant, in view of the questions raised in the instant case, that the parties to the suit were the grantees. Plaintiff sought to have the name of defendant stricken on the ground that it had been fraudulently inserted in the deed. The claim of fraud was not substantiated by the proofs, and the relief prayed was denied, which left the parties as tenants in common of the property involved. It may be noted in passing that the right of plaintiff to bring the action and to have it determined on the merits was not questioned. A like conclusion was reached in *Cristia* v. *Cristia,* 317 Mich 66, which was a divorce action between the grantees in a deed designating them as husband and

wife, although they were not such as a matter of fact. In support of the conclusion *Collins* v. *Norris, supra,* and other prior decisions of the Court were cited. See, also, *Williams* v. *Dean,* 356 Mich 426, and *Spence* v. *Jones,* 359 Mich 231.

Counsel for appellant advances the claim that plaintiff administratrix is estopped to assert that the conveyances to Joseph Daniel and defendant did not create a tenancy by the entirety. Reliance is placed on the proposition recognized in certain prior decisions of this Court that one who claims under a deed is bound by the provisions thereof and cannot be permitted to rely on provisions which are in his favor and at the same time repudiate other provisions of such a conveyance.

That the doctrine of estoppel is applicable under some situations is not open to question. In *Stone* v. *Culver,* 286 Mich 263 (119 ALR 512), which was a suit to quiet title to real estate in Highland Park, it appears that the owner of the property, after her marriage, executed a deed thereof, using her prior name as the grantor, to herself and husband as grantees. Following the death of the said grantor the surviving husband conveyed the property by warranty deed as security for a loan, taking back a land contract which contract was later assigned to plaintiff. From a decision in plaintiff's favor an appeal was taken to this Court where the decree of the trial court was affirmed. In the opinion attention was called to the fact that there was nothing in the deed of conveyance to indicate that the grantor was also one of the grantees. In other words, the grantor represented that a tenancy by the entirety had been created. It was held that if living the grantor would have been estopped from denying the stated provisions of her conveyance, and that the administrator of her estate and her heirs would have no greater rights than she would possess if a party to the suit.

The Court recognized the general rule that title to
land may not rest on an estoppel, as stated in prior
cases, including *Bruun* v. *Hansen,* 281 Mich 362. It
was pointed out that while an estoppel may not cre-
ate title it may operate to prevent the vitiation of a
title apparently created. In this connection it was
said (p 267):

"When a person has so acted as to make it appear
from the face of a deed that a certain title has been
created, he may be estopped to introduce parol evi-
dence to show that that is not the actual title."

In *Young* v. *Young,* 200 Mich 236, plaintiff was
held estopped to assert that a will under which he
claimed title to certain land was otherwise invalid,
the Court citing with approval *Jacobs* v. *Miller,* 50
Mich 119, and *Hawley* v. *Dibble,* 184 Mich 298. In
the *Jacobs Case* plaintiff brought an action of eject-
ment to recover possession of real estate he claimed
under a transfer from the children and heirs-at-law
of Margaret Hack, otherwise known as Margaret
Taufkirch, which they claimed by right of inheritance
from their mother. It appears that the mother was
divorced from Jacob Hack in 1859 and in 1861 went
through a marriage ceremony with Taufkirch, resid-
ing with him until her death in 1870. In 1864 prop-
erty which was owned by infants was offered for sale
in proceedings taken in equity. Conveyance thereof
was made to Taufkirch and "his wife" pursuant to
court order. The children of Margaret Hack as-
serted in the case that her marriage to Taufkirch was
void because the latter had a wife by a previous mar-
riage, who resided in Canada. It appears that fol-
lowing the death of Margaret, Taufkirch deeded the
entire estate to a third party under whom the de-
fendants claimed. In view of the facts in the case it
was held by this Court that the children of Margaret
Hack were estopped to contradict the deed given by

Taufkirch by showing that their mother was not lawfully married to him, that the plaintiff stood in no better position than did the heirs of Margaret, and that the trial court was in error in permitting him to offer proof to contradict the legal effect of the chancery deed under which both parties claimed.

In *Hawley* v. *Dibble, supra,* it appears that one Fitzgibbons was the owner of real estate in the village of Saranac which he conveyed by warranty deed to a third party who in turn executed a conveyance of the same to Fitzgibbons and Sarah Fitzgibbons as husband and wife. Subsequently Fitzgibbons died, leaving a widow and a child born to the marriage, and also 3 children by a former marriage. The widow conveyed 1/2 of the property to plaintiff and 1/2 to another. It was the claim of the plaintiff that from the conveyances executed in an apparent attempt to create an estate by the entirety such result had followed, and that upon the death of Fitzgibbons the entire interest vested in the survivor. The defendants in the case were children of the first wife of Fitzgibbons, who asserted that at the time of his marriage to Sarah he had not been divorced from his first wife and that, in consequence, the grantees took as tenants in common rather than by entirety. They further asserted that upon the death of their father his half of the estate descended to them. The trial court sustained such claim and plaintiff appealed, claiming that parol evidence was not admissible to contradict the deed. This Court held that the decision in *Jacobs* v. *Miller, supra,* was controlling and entered a decree for plaintiff accordingly. It will be noted that the defendants, as heirs of their father, were actually claiming an interest in the property by virtue of the deed given to Fitzgibbons and Sarah as grantees in an attempt to create an estate by the entirety, and in conformity with the opinion in the *Jacobs Case* the Court concluded that

defendants could not assert rights under the deed and reject the provisions of the conveyance not favorable to them.

These decisions were followed in the later cases of *Porter* v. *Landis,* 329 Mich 76, and *Franklin* v. *Franklin,* 354 Mich 543. It is these decisions on which counsel for appellant specifically rely in the instant case. In the *Porter Case* plaintiff brought suit against Landis individually and as administrator of the estate of Bessie Porter, also known as Bessie Landis, and other parties, to quiet title to certain lands in Oakland county. Defendants filed a cross bill asking for a partition of the property. Cross plaintiffs were the children of Bessie who was divorced from their father in 1942. In 1933, Mrs. Landis left her husband and lived with Ernest Porter, and in time became known as his wife. Prior to the divorce the real estate in question was conveyed to "Ernest Porter and Bessie Porter, his wife" by warranty deed. Bessie died in 1944 and thereafter Ernest Porter executed a deed of the lots to his brother, the plaintiff in the suit, and the brother's wife, depositing the conveyance in escrow for delivery upon grantor's death, which occurred in September, 1947. The deed was thereupon delivered to the grantees named, and recorded. The suit to quiet title was instituted the following year, and the children of Bessie Landis filed an answer denying any common-law marriage between her and Ernest Porter. By cross bill they claimed an undivided 1/2 interest in the real estate involved, and asked for a partition. The trial court cited *Jacobs* v. *Miller* and *Hawley* v. *Dibble, supra,* and held that defendants were precluded from showing by parol evidence that their mother was not the wife of Ernest Porter. This Court, on like authority, affirmed. As stated, the plaintiffs in the case claimed as grantees in a deed executed by Ernest Porter. Obviously defend-

ants and cross plaintiffs were in the position of claiming the right to take property by virtue of the deed and at the same time rejecting the terms of the instrument that was the basis of their alleged ownership of an undivided 1/2 interest in the land.

*Porter* v. *Landis* was followed in *Franklin* v. *Franklin, supra,* which was a suit to quiet title to real estate in Detroit. The property was conveyed by deed to "Alexander Franklin and Lucy Franklin, his wife" in 1951. Alexander Franklin died in 1957, leaving as his sole heir the defendant in the suit, Jesse Franklin, who by answer and cross bill asserted no valid marriage existed between Alexander and Lucy at the time of the conveyance and that, in consequence, a tenancy in common resulted. Defendant also claimed that certain conduct on the part of Lucy was fraudulent in that she knew at the time of the execution of the deed that she was not the wife of Alexander. This Court held that no issue of fraud was presented by the allegations of the answer and cross bill, and that defendant could not be heard to claim that the deed by virtue of which he claimed the right to inherit the property as heir of his father was other than what it purported to be.

The question before us in the instant case is in substance whether under the situation presented by the proofs plaintiff *as administratrix of the estate of her husband* is estopped to assert that Joseph Daniel and defendant were not legally husband and wife at the time of the conveyance of the property to them. Under the amended bill of complaint plaintiff is not seeking to maintain the action as an heir of Joseph but as the representative of his estate. This suggests the query whether if Joseph in his lifetime had by proper proceedings sought a decree of annulment of his marriage to defendant, would he have been estopped to assert that under the deed of conveyance to them the parties actually took as tenants

in common? In substance the question before us is how far should the doctrine of estoppel as it has been applied in some of the cases above cited be extended. Should it be so applied as to prevent one of the grantees named in the conveyance from showing the actual situation existing, as was done in *Cristia* v. *Cristia, supra?* We think that under facts of the character here involved the estate of the grantee, represented by the administratrix, should not be held estopped to show the actual situation. This is not a case of such nature as to require a holding, in the interests of justice, that the plaintiff is so estopped. She is not asserting, so far as this case is concerned, a right on her part to the property or any portion thereof, but, rather, she is here in a representative capacity to protect the interests of the estate. On the basis of the facts the case may be distinguished from the decisions above cited in which alleged heirs were held estopped to show the true facts. The situation here is analogous to those before this Court in *Collins* v. *Norris, Cristia* v. *Cristia,* and *Spence* v. *Jones,* above cited.

Reference to the pleadings in the instant suit disclose that defendant did not in her answer and cross bill raise the defense of estoppel. Such failure presents a further question in the case. Obviously the requirement imposed by Michigan Court Rule No 23, § 3 (1945), was not observed. It does not appear that the claim that appellant now makes was called to the attention of the circuit judge who heard and determined the controversy on the pleadings and stipulation of the parties as to the facts. In a motion for rehearing filed January 15, 1960, counsel for defendant apparently undertook to raise the issue, citing in said motion *Porter* v. *Landis, supra.* Said motion was filed after the filing of the opinion and the signing of the decree, and after the trial judge had left office. It was brought on for hearing before the successor in

office of the judge who heard and determined the case. Apparently what was done amounted to an attempt to raise an issue not previously pleaded or presented to the trial court for consideration. The opinion filed in the case makes no reference to any claim of estoppel. The record before us, including the stipulation of facts, indicates that the case was submitted and decided on the merits and in accordance with the issues raised by the pleadings.

It is of interest to note that in *Porter* v. *Landis* the question of estoppel was argued and submitted to the trial judge for determination, and that his decision was made with reference thereto. In *Franklin* v. *Franklin, supra,* the estoppel was specifically pleaded. In the instant suit this Court is asked to render its decision in favor of appellant on the basis of an issue not submitted to the trial judge and obviously not given consideration by him.

For the reasons indicated we think that appellant's claim that plaintiff administratrix is estopped to assert that the grantees in the deed to Joseph Daniel and defendant created a tenancy in common, each party having an undivided 1/2 interest, is not well-founded and is not properly before this Court. The decree of the circuit court is affirmed, with costs to plaintiff and appellee.

DETHMERS, C. J., and KELLY and KAVANAGH, JJ.. concurred with CARR, J.

SOURIS, J. (*concurring*). I concur in affirmance on the ground that in the absence of a valid marriage between defendant and Joseph Daniel or Daniels, *as between themselves, their heirs and their estates,* no tenancy by the entireties was created.

Like *Spence* v. *Jones*, 359 Mich 231, and *Collins* v. *Norris*, 314 Mich 145, no facts appear in this case that would bar plaintiff from contradicting the ap-

parent legal effect of the deed upon which defendant must rely.

In *Spence* v. *Jones, supra,* plaintiff was the administrator of Mack Jones. Mack Jones and defendant, with whom he had lived for a number of years prior to his death, took title to 2 parcels of real estate as husband and wife. Plaintiff administrator claimed a 1/2 interest in the property on the ground that Mack Jones had been lawfully married in Georgia and left surviving him his wife and 9 children and that, therefore, in the absence of a lawful marriage between the grantees, only a tenancy in common was created. No other person had relied upon the apparent title, and no reason of policy existed to bar plaintiff from establishing the real relationship between the grantees. We ruled in favor of the administrator. In *Collins* v. *Norris, supra,* plaintiff and defendant were the grantees on the deed involved in the litigation. Each was married to another at the time they took title as husband and wife, and no one else claimed any right to the property at the time of suit. This Court ruled title was taken not as tenants by the entireties, but rather as tenants in common.

In *Porter* v. *Landis,* 329 Mich 76, the title involved was taken in the names of a man and woman as husband and wife when in fact they were not. This Court barred the dead woman's children from denying the existence of a valid marriage between the grantees (they were claiming their mother took an undivided 1/2 as a tenant in common) because (p 83) "one who claims under a deed confirms all its provisions, and cannot establish his claim by adopting those provisions, only, which are in his favor, while he repudiates or contradicts others that are repugnant thereto." In other cases this Court has upheld the apparent legal title on similar grounds, but in each of such cases third-party interests had intervened in reliance upon the apparent title created or

there was a failure of proof. In *Porter,* for example, the surviving grantee had conveyed to plaintiffs, who had gone into possession of the property a year before suit was instituted by them to quiet their title. In *Franklin* v. *Franklin,* 354 Mich 543, defendant relied upon fraud by plaintiff to defeat plaintiff's claim, but the Court found defendant failed to prove actionable fraud.

*Stone* v. *Culver,* 286 Mich 263 (119 ALR 512), sets forth, in succinct language by Mr. Justice BUTZEL, the only basis upon which these cases rationally can be decided to the end that the stability of record title to real property be preserved. Where rights of others than the grantees, their heirs or estates depend upon the apparent title created, this Court will apply a theory of estoppel to protect such rights. Justice BUTZEL put it this way (pp 267, 268):

"It is true that title may not be created by estoppel. *Bruun* v. *Hansen,* 281 Mich 362. But that is not this case. The estoppel does not create the title, but prevents the vitiation of a title already apparently created. When a person has so acted as to make it appear from the face of a deed that a certain title has been created, he may be estopped to introduce parol evidence to show that that is not the actual title. *Stevens* v. *DeBar,* 229 Mich 251; *Colonial Theatrical Enterprises* v. *Sage,* 255 Mich 160; *Spitzley* v. *Holmes,* 256 Mich 559. The purpose of the rule that title may not be created by estoppel is to prevent the uncertainty of titles which would arise if the statute of frauds could be evaded and parol evidence of an estoppel could be introduced to show that the paper title is not what it appears to be. The rule is not applicable to the instant case in which the estoppel serves to defend and not to destroy the apparent paper title. A party may not be estopped from claiming that the paper title is what it appears to be, but he may be estopped, as in the instant case,

from showing by parol evidence that the paper title is not what it appears to be."

In the case at bar, in *Spence* v. *Jones, supra,* and in *Collins* v. *Norris, supra,* the only parties interested in the controversies over title were the grantees or 1 grantee and the estate of the other. No reason exists, in the absence of evidentiary problems here avoided by stipulation, to preclude plaintiff from proving the real relationship between defendant and Daniel or Daniels and from proving the real title acquired by defendant.

Affirmed. Costs to plaintiff.

SMITH, BLACK, and EDWARDS, JJ., concurred with SOURIS, J.