ST. PIERRE *v.* ESTATE OF ST. PIERRE.

Decision of the Court.

1. Deeds—Title—Estoppel.

Estoppel will be applied by court to protect rights of others than grantees, their heirs or estate, where such rights depend upon apparent title created by deed.

2. Same—Party Claiming Under a Deed Must Confirm it in Its Entirety.

One who claims under a deed confirms all its provisions, and cannot establish his claim by adopting those provisions, only, which are in his favor, while he repudiates or contradicts others that are repugnant thereto.

3. Same—Husband and Wife—Tenancy by the Entireties—Tenancy in Common.

A conveyance to a man and a woman referred to as husband and wife, but who legally do not sustain that relation, does not create a tenancy by the entirety, but at most a tenancy in common.

4. Same—Title—Recitals—Third Parties—Estoppel.

Widow and heirs of decedent are not estopped to question recitals in deeds describing decedent and plaintiff as husband and wife, where they did not sustain that relation and no intervening rights of third parties for value are involved in suit to quiet title, hence, are entitled to share in undivided half interest which trial court found was owned by decedent.

Dissenting Opinion.

T. G. Kavanagh, J.

5. Deeds—Recitals—Estoppel—Estates of Decedents.

*Estate of decedent is estopped from claiming title to property conveyed by deeds reciting decedent and plaintiff in suit to*

---

References for Points in Headnotes

[1, 4, 5] 19 Am Jur, Estoppel §§ 27–30.
[2] 19 Am Jur, Estoppel § 21.
[3] 26 Am Jur, Husband and Wife §§ 68, 87.
Character and incidents of estate created by a deed to persons as husband and wife who are not legally married. 83 ALR2d 1051.

*quiet title were husband and wife, where they did not sustain that relation, issue of estoppel was raised at the trial, and decedent himself would have been estopped from claiming title under facts presented.*

Appeal from Livingston; Carland (Michael), J. Submitted Division 2 January 5, 1966, at Lansing. (Docket No. 864.) Decided April 12, 1966. Rehearing denied August 5, 1966. Leave to appeal denied by Supreme Court October 21, 1966. See 378 Mich 736. Reconsideration of denial granted and leave to appeal granted by Supreme Court April 12, 1967. See 379 Mich 759.

Bill of complaint by Angeline St. Pierre against Estate of Sam St. Pierre, Ilene Timmons, administratrix, and others to quiet title to certain lands conveyed to Sam St. Pierre and Angeline St. Pierre as grantees. Judgment for defendants. Plaintiff appeals. Affirmed.

*E. Reed Fletcher,* for plaintiff.

*Martin J. Lavin* and *William D. McCririe,* for defendants.

McGREGOR, J. Angeline St. Pierre filed a complaint to quiet title to various pieces of land, the title to which had been obtained by deeds naming as grantees Sam St. Pierre and Angeline St. Pierre, his wife. Angeline and Sam lived together as husband and wife from April 15, 1938, until Sam's death on December 27, 1961. During the intervening years they platted several tracts of land which they purported to hold as husband and wife. At the time of Sam's death, they had deeded away many lots, some had been sold on contract, and the remaining lots were still owned by them. About

the time of Sam St. Pierre's death, the plaintiff discovered that he had been married prior to April 15, 1938, to defendant Irene St. Pierre, had fathered seven children by her who are also defendants herein, and that Sam had never obtained a divorce from Irene.

Plaintiff's motion for summary judgment, relying principally on the doctrine of estoppel, was denied by the court, and upon the subsequent trial, the trial court in pertinent findings decreed:

"The court * * * finds that the plaintiff, Angeline St. Pierre, was never the wife of Sam St. Pierre because of a prior undissolved marriage between Sam St. Pierre and Irene St. Pierre, the latter having been determined by the probate court of Livingston county to be the widow of the deceased Sam St. Pierre. The court further finds that Irene St. Pierre, by her own disclaimer, has no interest in any lands or premises conveyed to any person by either the plaintiff, Angeline St. Pierre, or Sam St. Pierre deceased, or either or both of them, prior to December 27, 1961, the date of the death of the said Sam St. Pierre. * * *

"The court therefore finds that all real estate ostensibly owned by Sam St. Pierre and Angeline St. Pierre as tenants by the entireties, on the date of the death of the said Sam St. Pierre, December 27, 1961, was, in fact, owned by the said parties as tenants in common, each as to an undivided one-half interest therein."

Plaintiff contends that Irene St. Pierre and the children of Sam St. Pierre by her and the administratrix of his estate are estopped to question the recital in all deeds describing Sam St. Pierre and Angeline St. Pierre as husband and wife.

Defendants contend that Sam St. Pierre was married to Irene St. Pierre at the time of his death and that the title to the real estate described in the bill

of complaint could only be that of tenants in common. The crux of this case is the defendants' right to show the true relationship between Sam St. Pierre and Angeline St. Pierre.

Both parties concerned agree that the doctrine of estoppel applies where innocent parties have obtained title from a man and woman not married, who had obtained title to such real estate as man and wife and conveyed it in the same manner.

Does estoppel apply in the instant situation and, if so, was it raised timely? There appear to be two lines of cases in Michigan where a man and woman who were, in fact, not man and wife took title to lands as man and wife. In one line of these cases it is held that the heirs of the decedent were estopped to put in proof as to the true relationship of the grantees as not being man and wife.

Plaintiff contends that the applicable law is stated in *Porter* v. *Landis* (1950), 329 Mich 76. In that case, it appeared that a common-law relationship existed between Ernest Porter and Bessie Landis, as husband and wife, and that at the commencement of such relationship, in 1933, Bessie Landis had not obtained a divorce from her husband, Ed Landis, and did not do so until August 31, 1942. Prior to her divorce from Ed Landis, certain real estate was conveyed to "Ernest Porter and Bessie Porter, his wife". Bessie Landis Porter died, intestate, on January 29, 1944, and two years later, Ernest Porter executed a deed to the lots in question to his brother, Henry J. Porter, and Bertha Porter, his wife. Henry J. Porter and wife, after one year of ownership, filed a bill to quiet title. The trial court quieted title in the names of plaintiffs Henry J. Porter and Bertha Porter, his wife. The defendants appealed and claimed that as heirs of Bessie Landis they were not estopped from offering testimony

showing that their mother was not the wife of Ernest Porter at the time Ernest Porter and Bessie Porter acquired title to the lands in question and that their title was as tenants in common. The Supreme Court barred the dead woman's children from denying the existence of a valid marriage between the grantees, Ernest Porter and Bessie Porter, his wife, and quoted with approval from *Hawley* v. *Dibble* (1915), 184 Mich 298, 303:

"One who claims under a deed confirms all its provisions and cannot establish his claim by adopting those provisions only which are in his favor while he repudiates or contradicts those which are repugnant thereto."

In *Porter* v. *Landis, supra,* the third-party interest had intervened because the plaintiffs had obtained title from the surviving grantee and had come into possession of the property a year before suit was instituted by them to quiet title.

Plaintiff urges that the decision in *Franklin* v. *Franklin* (1958), 354 Mich 543, establishes that the *seasonable* raising of the doctrine of estoppel was the governing factor in that case. The *Franklin Case* is distinguishable in that the defendant claimed fraud by plaintiff, the purported wife, to divert plaintiff's claim but the court found defendant failed to plead actionable fraud.

A thorough examination of the cases upon which the plaintiff relies indicates a distinguishing factor in cases which applied the doctrine of estoppel, that is, the intervening rights of innocent third parties for value. In the instant matter, no third party interest is indicated.

The defendants herein base their right of recovery on *Daniels* v. *Daniel* (1960), 362 Mich 176, the exhaustive opinions of which considered many prior decisions, some of which are quoted by both plaintiff

and defendants herein. In the *Daniels Case, supra,* the appellant claimed that the plaintiff, administratrix, was estopped to assert that the conveyance to the deceased and the purported wife did not create a tenancy by the entireties. The defense of estoppel was not raised at trial in that case. The trial court found that a valid marriage had existed between the plaintiff and the decedent until the death of the decedent, that the purported wife never became the lawful wife of Joseph Daniels, and that the deeds in question created a tenancy in common. On appeal, the Justices voted unanimously to affirm the trial court, but divided equally on the reason therefor. Justice CARR in one opinion held (p 189):

"That appellant's claim that plaintiff administratrix is estopped to assert that the grantees in the deed to Joseph Daniel and defendant created a tenancy in common, each party having an undivided 1/2 interest, is not well-founded, and is not properly before this Court. The decree of the circuit court is affirmed."

and Justice SOURIS held in the other opinion (pp 189, 191):

"I concur in affirmance on the ground that in the absence of a valid marriage between defendant and Joseph Daniel or Daniels, *as between themselves, their heirs and their estates,* no tenancy by the entireties was created.

"Like *Spence* v. *Jones,* 359 Mich 231, and *Collins* v. *Norris,* 314 Mich 145, no facts appear in this case that would bar plaintiff from contradicting the apparent legal effect of the deed upon which defendant must rely.    *    *    *

"Where rights of others than the grantees, their heirs or estates depend upon the apparent title created, this Court will apply a theory of estoppel to protect such rights."

The doctrine of estoppel is not applicable in the instant case. The decision of the circuit court is affirmed, with costs to the appellees.

Burns, J., concurred with McGregor, J.

T. G. Kavanagh, P. J. (*dissenting*). For the reasons set forth in the case of *Porter* v. *Landis* (1950), 329 Mich 76, and the cases cited therein, I do not believe the defendants here can be heard to question the effect of the deed through which they claim title. I believe that Sam St. Pierre would be estopped to do so under the facts of this case and if this be true his estate should stand in no better position. See *Stone* v. *Culver* (1938), 286 Mich 263 (119 ALR 512) and cases cited therein.

I do not read the case of *Daniels* v. *Daniel* (1961), 362 Mich 176, as controlling. There the matter of estoppel was not raised at the trial. Here it was.

I would reverse and award the appellant costs.