ROBERTS, Chief Justice.
This is an appeal from a summary final decree in favor of plaintiff-appellee entered in a suit to quiet title filed by him against the City of Naples, defendant below and appellant ‘here.
The plaintiff deraigned his title to the land in controversy through conveyances from The Naples Company, the owner of record, and the heirs of a former owner of record, which conveyances were made with reference to the original plat recorded in the public records of the county in which it was located. The City, in defense, alleged that plaintiff and other grantees of The Naples Company had purchased property in this particular subdivision, relying on an unofficial plat thereof prepared by The Naples Company and used by the City of Naples Tax Assessor for tax assessment purposes; that the particular portion in controversy had not been assessed for taxes by the City of Naples; that plaintiff knew that other purchasers from The Naples Company purchased in reliance on the unofficial map; that plaintiff recognized the unofficial map by requesting the City to vacate a street shown on the unofficial map but not shown on the original plat with reference to which the conveyance to him was made, which the City did; and that plaintiff was estopped to claim any land- other than that shown on the unofficial map. This contention cannot be sustained.
It is well settled that the principles of estoppel may he applied in defense of a title, but not to establish one. Kerivan v. *906 Fogal, 156 Fla. 92, 22 So.2d 584, 586; citing Stone v. Culver, 286 Mich. 263, 282 N.W. 142, 119 A.L.R. 512, as follows:
“The purpose of the rule that title • may not be created by estoppel is to prevent the uncertainty of titles which would arise if * * * parol evidence •of an estoppel could be introduced to show that' the paper title is not what it appears to be. The rule is not applicable * * * (where) the estoppel serves to defend and not to destroy the apparent paper title.”
The other questions presented have been considered, and no error has been found.
Accordingly, the decree appealed from should be and it is hereby affirmed.
TERRELL, SEBRING, and MATHEWS, JJ., concur.