**In re Kenneth G. KELLY, Debtor.**

**Law Office of David Staats, P.A. and David Staats, Appellants,**

v.

**Kenneth G. Kelly, Appellee.**

**No. CIV.A. 03–471–KAJ.**
**Bankruptcy No. 02–10744–MFW.**

United States District Court,
D. Delaware.

Oct. 21, 2004.

---

David Staats, Esquire, Law Office of David Staats, Wilmington, DE, for Appellants.

Kevin William Gibson, Esquire, Gibson & Perkins P.C., Media, PA, for Appellee/Debtor.

## MEMORANDUM OPINION

JORDAN, District Judge.

### I. INTRODUCTION

Presently before me is an appeal by judgment creditors, Law Office of David Staats, P.A. and David Staats (collectively "Creditors"), from the January 30, 2003 Order and decision of the United States Bankruptcy Court for the District of Delaware[1] finding that Kenneth G. Kelly ("Debtor") and his wife hold 2 North Colt's Neck Way, Hockessin, Delaware ("the Property") as tenants by the entireties.

Under 28 U.S.C. § 158(a), this court has jurisdiction to hear appeals on final judgments, orders, and decrees from the Bankruptcy Court. In adjudicating such appeals, the court "may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." Fed. R.

---

1. *In re Kelly,* 289 B.R. 38 (Bankr.D.Del.2003).

Bankr.P. 8013; *see In re Montgomery Ward Holding Corp.,* 269 B.R. 1, 6 (D.Del. 2001). For the reasons that follow, the Bankruptcy Court's Order is affirmed.

### II. BACKGROUND

Debtor initially retained Creditors to defend him in a lawsuit brought by Debtor's former employer. (D.I. 10 at 2.) Debtor, however, failed to pay Creditors' fees, which amounted to $145,267.49, and Creditors thereafter withdrew as counsel. (D.I. 9 at A–3.) On September 5, 1997, Creditors filed an action against Debtor in the Superior Court of Delaware to recover the unpaid legal fees. (D.I. 2 at 45–2.) Debtor failed to respond to Creditors' complaint and, as a result, a default judgment was entered against Debtor. (*Id.*)

On September 26, 1997, while the Superior Court case was still pending, Debtor, as the sole owner of the Property, conveyed the Property to himself and his wife ("the Conveyance"). (D.I. 9 at 4, A–25.) The Conveyance (deed) read, in pertinent part:

THIS DEED, MADE THIS 26th day of September in the year of our Lord one thousand nine hundred and ninty-seven [sic] (1997).

BETWEEN KENNETH KELLY, of New Castle County and State of Delaware, party of the first part,

and

KENNETH KELLY and WENDY KELLY, his wife, of New Castle County and State of Delaware, parties of the second part.

WITNESSETH, that the said party of the first part ... does hereby grant and convey unto the said parties of the second part in fee all of his interest in ...

Mill Creek Hundred, New Castle County and State of Delaware, known as 2 North Colt's Neck Way, Hockessin Hunt, Hockessin, Delaware 19707[.]

(*Id.* at A-25.)

On March 11, 2002, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Debtor claimed that he and his wife held the Property as tenants by the entireties and therefore claimed the Property exempt under 11 U.S.C. § 522(b)(2)(B)[2]. (*Id.* at A-4.) Creditors filed an objection to Debtor's claimed exemption on July 3, 2002 and an amended objection on August 1, 2002. (*Id.* at 3.) In its objection, Creditors argued that Debtor and his wife do not hold the Property as tenants by the entireties or, in the alternative, Creditors' judgment against Debtor still attaches to Debtor's interest in the Property even if Debtor and his wife hold the Property as tenants by the entireties. (*Id.* at A-2, A-10.) Creditors further alleged that Debtor's conveyance of the Property to himself and his wife was a fraudulent conveyance which can be avoided by a creditor under Del.Code Ann. tit. 6, § 1304(a)(1). (*Id.* at A-13.) The Chapter 7 Trustee joined in Creditors' objections on July 12, 2002. (*Id.* at A-21.)

On January 30, 2003, the Bankruptcy Court overruled Creditors' objections. (*Id.* at A-16.) The Bankruptcy Court concluded that Debtor and his wife hold the Property as tenants by the entireties and therefore the Property is validly exempt under the Bankruptcy Code and Delaware law. (*Id.* at A-10, A-15.) The Bankruptcy Court further found that Creditors' judgment cannot attach to the Property and

that Creditors could not assert a fraudulent conveyance objection. (*Id.* at A-13.) On March 7, 2003, the Bankruptcy Court denied Creditors' motion for reconsideration. (*Id.* at 3.)

On March 17, 2003, Creditors filed this appeal. (*Id.* at 1.) The only issue on appeal is whether Debtor and his wife hold the Property as tenants by the entireties. (*Id.* at 3.) Creditors have not asserted in this appeal that the Superior Court judgment attaches to the Property regardless of Debtor's interest and that the Conveyance of the Property was a fraudulent conveyance. (*Id.*)

### III.   STANDARD OF REVIEW

■ On appeal, a clearly erroneous standard is applied to the Bankruptcy Court's findings of fact and a plenary standard is applied to that court's legal conclusions. *See Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir.1999). When reviewing mixed questions of law and fact, I must accept the Bankruptcy Court's "finding of historical or narrative facts unless clearly erroneous, but [I must] exercise[ ] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981)).

The facts of this case are not in dispute. *See* (D.I. 9 at 4.) The only legal question concerns the ownership interests in the

2. Section 522(b)(2)(B) provides that, in bankruptcy, an individual debtor may exempt from property of the estate "any interest in property which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such an interest as a tenant by the

entirety or joint tenant is exempt from process under applicable nonbankruptcy law." Under Delaware law, entireties property is exempt from process when a creditor has a claim only against one tenant. *See In re Hovatter*, 25 B.R. 123, 124–125 (Bankr.D.Del. 1982).

Property subsequent to the Conveyance. (*Id.* at 2.) Delaware law will governs that determination. *See Barnhill v. Johnson*, 503 U.S. 393, 398, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992) ("In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law."); *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.").

## IV. DISCUSSION

The central issue is what is the form of interest in which Debtor and his wife hold the Property subsequent to the Conveyance: as tenants by the entirety, tenants in common, or joint tenants. Creditors argue that, pursuant to Delaware common law and statutes, 25 *Del. C.* §§ 309 and 701, the Conveyance has created a tenancy in common. (D.I. 9 at 5–6.) As a result, Creditors assert, the Property is not exempt under 11 U.S.C. § 522(b)(2)(B) and applicable Delaware law. (*Id.* at 18.) Debtor, on the other hand, argues that he and his wife hold the Property as tenants by the entirety and, accordingly, he contends that the Property was properly listed as exempt, under 11 U.S.C. § 522(b)(2)(B), on his Chapter 7 bankruptcy petition. (D.I. 10 at 4.)

### A. Delaware Common Law

■ The historical presumption under Delaware common law is that a conveyance of real property to a husband and wife creates a tenancy by the entireties.

*See, e.g., Hopkins v. Hopkins*, 1982 WL 116991, at *2 (Del.Ch.1982) ("The common law presumed that a conveyance to a husband and wife during coverture ordinarily created an estate by the entirety and not joint tenancy or tenancy in common."); *Greenly v. Greenly*, 49 A.2d 126, 129 (Del. Ch.1946) ("In law, a conveyance of land to a husband and wife creates an estate by the entirety, and not the usual joint tenancy or tenancy in common."); *Heitz v. Sayers*, 121 A. 225, 228 (Del.Super.Ct.1923) ("[A] conveyance of real estate to a husband and wife creates an estate by the entirety."); *Hurd v. Hughes*, 109 A. 418 (Del.Ch.1920) ("[A] conveyance of land to a man and his wife made them tenants by the entireties."). Therefore, absent any clearly expressed intention to the contrary, a tenancy by the entireties is created when real property is conveyed to a husband and wife. *See Godman v. Greer*, 105 A. 380 (Del.Orph.1918) ("[A] grant or devise of land to a man and his wife during coverture without any expressed intention to create any other estate would vest in them an estate by the entireties.").

However, as Creditors correctly state, no Delaware court has ever held that a conveyance by a husband to himself and his wife presumptively creates a tenancy by the entireties. Creditors argue that the common law presumption "may have been the rule where the grantor is not one of the spouses, but it is not the rule where the grantor is the husband." (D.I. at 9– 10.) Instead, Creditors contend that when the "grantor spouse conveys directly to himself and his spouse as grantees, the requisite unities of title and time[, required to establish a tenancy by the entireties,] are absent" [3] and a tenancy in common is instead created. As support, Creditors

---

**3.** "In order to create a tenancy by the entireties certain characteristics must be present, namely: unity of time, title, interest and possession, as well as the relationship of husband and wife at the time of its creation." *Rigby v. Rigby*, 88 A.2d 126, 127 (Del.Ch.1952).

cite *Stone v. Culver*, 286 Mich. 263, 282 N.W. 142 (1938).

In *Stone*, Louise Greeley married Edgar Haney and subsequently changed her name to Louise Haney. *Id.* Shortly after the two were married, Louise executed a deed for property she owned prior to the marriage, "naming Louise Greeley as grantor and Edgar Haney and Louise Haney, his wife, as grantees." *Id.* In determining the form of interest in which the couple held the property, the court concluded that "[s]ince Louise Greeley, grantor, and Louise Haney, co-grantee, were one and the same person, the deed ... did not ... create a tenancy by the entireties ... [because] [t]he requisite unities of time and title were lacking." *Id.* at 142–143. The court further held that a tenancy in common was created. *Id.*

While *Stone* is persuasive in light of the facts of this case, and although Creditors have validly questioned the applicability of the common law presumption under these facts, there is nothing under Delaware case law to support Creditors' contention that a conveyance by a husband to himself and his wife does not presumptively create a tenancy by the entireties but instead creates a tenancy in common. Accordingly, the common law presumption must be analyzed in the context of 25 *Del. C.* § 309 to determine what effect, if any, the statute has on the common law presumption and whether the presumption is still valid when a husband transfers property to himself and his wife.

**B.   Section 309**

■   Section 309 of title 25, Delaware Code, provides in pertinent part:

(a) A married man may convey by deed ... real estate or any interest therein directly to his wife[.]

(b) This section shall be construed as authorizing a conveyance of an interest in real property:

(1) By either spouse without joinder of the other spouse to themselves as tenants by the entirety.[4]

Section 309 was passed to clarify that a husband or wife has the ability to convey real property to him or herself and his or her spouse as tenants by the entireties. *Cf.* H.B. 548, 139th Gen. Assem. (Del. 1998) ("This Bill makes a technical correction [to 25 *Del. C.* § 309], and clarifies that spouses may convey interests in real property between themselves directly, without need for conveyance to a third party."); S.B. 251, 136th Gen. Assem. (Del.1992) ("This act clarifies the ability of a husband and wife to convey to themselves as tenants by the entireties and facilitates those transfers, consistent with the existing law, by allowing transfer by a single deed."). Therefore, section 309 expressly repealed the common law rule that "neither spouse could convey directly to the other, because the legal fiction of unity precluded the conception of a deed." 2 *Patton and Palomar on Land Titles* § 394 (3d ed.2003); *see In re Williams*, 88 A. 716, 717 (Del.Super.Ct.1913) ("[A]t common law the hus-

---

4.   Section 309(b) was amended in 1998 to read:

(b) This section shall be construed as authorizing a conveyance of an interest in real property:

(1) By either spouse, in any estate, tenancy or capacity other than tenancy by the entireties, without joinder of the other spouse, to both spouses in any estate, tenancy or capacity.

In this case, the conveyance of the property occurred prior to the 1998 amendment. However, the result of this case would be the same under both versions, as evidenced by the "Synopsis" in House Bill 258 which stated that the 1998 amendment merely clarifies and "makes a technical correction" to the previous version of section 309(b). H.B. 548, 139th Gen. Assem. (Del.1998).

band and wife are so nearly one that the husband cannot directly convey the legal title in lands to his wife[.]")

However, while section 309 clearly permits a husband to convey an interest in real property to himself and his wife, and repeals the former common law rule forbidding such action, the statute does not speak to whether such conveyance presumptively creates a tenancy by the entireties. In other words, section 309 merely states that a husband is *able* to create a tenancy by the entireties when conveying property to himself and his wife, but the statute does not explain *how* to create that interest.

Creditors argue that section 309 is "in derogation of the common law [presumption]" and that, in order to create a tenancy by the entireties under section 309(b), a husband, when conveying real property to himself and his wife, must make an express declaration of intention in creating a tenancy by the entireties; i.e. the deed must state "as tenants by the entireties." (D.I. 9 at 14–16.) I do not agree.

Creditors cite *Pagliaro, Inc. v. Zimbo*, 1987 WL 10275 (Del.Super.Ct.1987) and *Townsend Corp. of America v. Davidson*, 181 A.2d 219 (Del.Ch.1962) as support for their argument. (*Id.* at 15.) However, Creditors' reliance upon these cases is misplaced. Neither case holds that an express declaration of the parties' intention to create a tenancy by the entireties is required; neither case involved a conveyance of property from a husband to himself and his wife; and neither case involves or discusses section 309.

In *Pagliaro*, a deed conveying property to defendant, defendant's husband and defendant's mother read as follows:

Ruth E. West/single woman and Richard F. Zimbo and Karen J. Zimbo, his wife, of New Castle County and State of Delaware, as Joint Tenants with Right of Survivorship, and not as Tenants in Common.

1987 WL 10275, at *2. The defendant argued that she owned the property as a joint tenant with right of survivorship with defendant's mother and as a tenant by the entireties with defendant's husband. *Id.* The court, however, concluded that "[t]he use of the qualifying words 'as joint tenants, and not as tenants in common' is sufficient to *rebut* the presumption arising from the use of the 'wife' *and* the presumption of a tenancy by the entireties" and, therefore, held that "the conveyance established a joint tenancy between all of the parties[.]" *Id.* (emphasis added). Nowhere in the court's opinion does it state that an express declaration of the parties intention to create a tenancy by the entireties is required. To the contrary, *Pagliaro* is further support for the common law presumption that, "without any expressed intention to create any other estate," a tenancy by the entireties is created when real property is conveyed to a husband and wife. *Godman*, 105 A. at 380; *see Pagliaro*, 1987 WL 10275, at *2 ("While a conveyance or devise to a husband will ordinarily create a tenancy by the entireties, the authorities generally agree with the Delaware cases that clearly expressed intentions in the instrument, that they will take as tenants in common or joint tenants, will be effective.").

Similarly, in *Townsend*, the court did not conclude that, to create a tenancy by the entireties, a deed must specify that the property is held "as tenants by the entirety." *See Townsend*, 181 A.2d at 220–21. While the court stated that "simple language can be employed to make clear when a tenancy by the entireties is intended[,]" the court merely held that the parties' use of the affirmative language "as joint tenants" in the ownership description clearly expressed the parties' intent to cre-

ate a joint tenancy, rather than a tenancy by the entireties. *Id.* at 298. The court did not hold, contrary to Creditors' assertion, that affirmative language is required to create a tenancy by the entireties.

Given the lack of legislative history with respect to section 309, it is not clear whether the Delaware legislature, when writing and enacting section 309, considered the common law presumption that a conveyance of real property to a husband and wife creates a tenancy by the entireties. *See* 55 Del. Laws 247; 68 Del. Laws 318; 70 Del. Laws 186; 71 Del. Laws 333; S.B. 251; H.B. 548. What seems clear, however, is that section 309 was simply intended to repeal the common law rule barring a married couple's ability to convey property to each other. Section 309 permits a married couple to convey property in any form of interest they desire. *See* S.B. 251; H.B. 548.

In reading section 309, and because of the lack of legislative history and Delaware cases precisely on point, I conclude that the statute does not require spouses to make an express declaration of intention in creating a tenancy by the entireties. Had the Delaware legislature intended that spouses be required to make an express declaration of intention in creating a tenancy by the entireties, it would have made such a requirement apparent in section 309, or in some other provision of the Delaware Code, as it did with respect to the creation of a joint tenancy. *See 25 Del. C.* § 701.

### C. Section 701

Section 701 of title 25, Delaware Code, provides:

> No estate, in joint tenancy, in lands, tenements or hereditaments shall be held or claimed by or under any grant, devise or conveyance made to any persons, other than to executors or trustees, unless the premises therein mentioned are expressly granted, devised or conveyed to such persons, to be held as joint tenants and not as tenants in common.

Creditors argue that, because a tenancy by the entireties is a "special species of [a] joint estate subsisting between two joint tenants who are husband and wife[,]" Debtor was required to use "clear and definite language not reasonably capable of any different construction" to create a tenancy by the entireties. (D.I. 9 at 11). Creditors, therefore, conclude that Debtor, by default, has created a tenancy in common since, under section 701, "Debtor and his wife cannot be joint tenants, [because the deed lacked clear and definite language,] a fortiori they cannot be tenants by the entireties." (D.I. 9 at 11.) I do not agree.

While it is true that "joint tenancies … can only be created by clear and definite language not reasonably capable of any different construction[,]" *Short v. Milby,* 64 A.2d 36, 38 (Del.Ch.1949), Creditors neglect to fully consider that section 701 "has no application to the creation of a tenancy by the entireties by a conveyance to a husband and wife." *Bullen v. Davies,* 209 A.2d 81, 83 (Del.1965) citing *Greenly,* 49 A.2d at 126; *see Townsend,* 181 A.2d at 221 ("[U]nder [section] 701, there is a policy in Delaware favoring a tenancy in common over a joint tenancy … Assuming this to be true, the present case involves the issue of joint tenancy versus tenancy by the entireties and so the policy reflected in the statute is not pertinent."). Therefore, Debtor's failure to state in the deed an express description of the interest he has created only precludes the Debtor from claiming that he has created a joint tenancy. It has no bearing on the creation of a tenancy by the entireties.

■ In sum, there is no provision in the Delaware Code, including section 309 and section 701, nor is there any Delaware case law, that alters the common law presumption that a conveyance of real property to a husband and wife creates a tenancy by the entireties and requires that a husband, when conveying real property to himself and his wife, must make an express declaration of intention in creating a tenancy by the entireties. Therefore, because of the lack of authority supporting Creditors' argument, and given how strongly entrenched the common law presumption is in Delaware case law, *see supra* at 633, I hold that the common law presumption does apply to the facts of this case. Accordingly, Debtor's conveyance of the Property created a tenancy by the entireties.

#### D. *Frivolous Appeal and Sanctions*

■ Debtor urges me to dismiss this appeal as frivolous and to set a hearing for sanctions under Fed. R.App. P. 38. However, it appears no court in Delaware has previously addressed the issue presented in this case, and Creditors' position on appeal is not without a degree of plausibility. *Cf. Quiroga v. Hasbro, Inc.,* 943 F.2d 346, 347 (3d Cir.1991) ("An appeal is frivolous if it is wholly without merit."). Therefore, Creditors' appeal is not frivolous and a hearing for sanctions is not warranted.

### V. CONCLUSION

For the reasons set forth herein, Debtor and his wife hold the Property as tenants by the entireties and, therefore, the Property is exempt under the Bankruptcy Code and applicable Delaware law. Accordingly, the Bankruptcy Court's decision is affirmed. An appropriate order will follow.