**In re Nancy Linda WEBER, Debtor.**

**No. 05–12541.**

United States Bankruptcy Court, D. Delaware.

June 29, 2006.

James B. Tyler, III, Georgetown, DE, for Debtor.

## MEMORANDUM OPINION[1]

MARY F. WALRATH, Chief Judge.

Before the Court is the Objection of the chapter 7 trustee to the exemption claimed by Nancy L. Weber (the "Debtor") in her residence located at 401 Crazy Lane, Rehoboth Beach, Delaware (the "Property"). The Debtor opposes the Objection. For the reasons stated below, the Court will overrule the Trustee's Objection.

### I. BACKGROUND

On September 8, 2005 (the "Petition Date"), the Debtor filed a petition under chapter 7 of the Bankruptcy Code. George L. Miller (the "Trustee") was appointed the chapter 7 trustee.

On the Petition Date, the Debtor also filed her Schedules and Statements of Financial Affairs. Those schedules listed the Debtor as the owner of a ¼ interest in the Property with a value of $550,000 as a whole. The Debtor listed the other owners of the Property as her husband, Eugene Weber, Jr., with a ¼ interest and her step-daughter, Joan Weber, with a ½ interest. The Debtor claimed an exemption for her interest in the Property under section 522(b)(2)(B) of the Bankruptcy Code,[2] claiming that she and her husband own their interests as tenants by the entirety.

On October 13, 2005, at the section 341 meeting of creditors, the Trustee discovered that, although the Debtor and her husband had initially owned a 100% interest in the Property as tenants by the entirety, on February 20, 2003, they had signed a deed transferring a 50% interest in the Property to the Debtor's step-daughter. The deed conveyed the Property to:

Eugene Weber, Jr., and Nancy Weber, (as to an undivided 50% interest) and Joan Weber, (as to an undivided 50% interest), as joint tenants with right of survivorship....

(Debtor's Brief, Ex. B.)

Believing that this transfer had severed the tenancy by the entireties, the Trustee filed his Objection to the Debtor's exemption claim on November 10, 2005. Since then both parties have filed briefs, and the matter is now ripe for decision.

### II. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(B).

### III. DISCUSSION

The issue presented is whether the Debtor holds her interest in the Property with her husband as a tenant by the entirety. Under the Bankruptcy Code, a debtor may claim an exemption in "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest ... is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B) (amended 2005). Delaware

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

2. Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), section 522(b)(2)(B) was renumbered section 522(b)(3)(B) but otherwise not changed. Because this case was filed before the effective date of BAPCPA, the Court will refer to the section as it was at the time the case was filed.

law prohibits a creditor from attaching property held as a tenant by the entirety to satisfy the individual debts of one spouse. *Hurd v. Hughes*, 109 A. 418, 419 (Del.Ch.1920). Therefore, if the Debtor has an interest in the Property as a tenant by the entirety, the Debtor may validly claim it as exempt under the Bankruptcy Code.

■ The Trustee argues that the Debtor does not own her interest in the Property as a tenant by the entirety, but rather as a joint tenant with both her husband and step-daughter. According to the Trustee, the deed transferring a ½ interest in the Property to the Debtor's step-daughter severed the tenancy by the entireties and created a joint tenancy with right of survivorship. The Trustee bases this argument on the Delaware Superior Court's decision in *Pagliaro v. Zimbo*, 1987 WL 10275 (Del.Super.1987).

In *Pagliaro*, the Court considered the effect of a deed transferring property to defendant, defendant's husband, and defendant's mother, as follows:

Ruth E. West/single woman and Richard F. Zimbo and Karen J. Zimbo, his wife, of New Castle County and State of Delaware, as Joint Tenants with Right of Survivorship and not as Tenants in Common.

*Id.* at *2. The *Pagliaro* Court found that the deed did not create a tenancy by the entireties between the defendant and her husband with a joint tenancy between the husband and wife as a unit and the defendant's mother. *Id.* Instead the Court concluded that it created a joint tenancy among the three individuals. *Id.* The Court explained that, even though a transfer of property to a husband and wife "will ordinarily create a tenancy by the entireties, the authorities generally agree . . . that clearly expressed intentions in the instrument, that they will take [the proper-

ty] as tenants in common or joint tenants, will be effective." *Id.* Therefore, because there was not clear language in the deed indicating that it was meant to create a tenancy by the entireties, the Court concluded that the words "joint tenants" were sufficient to establish an intention to create a joint tenancy and rebut the presumption of a tenancy by the entireties created by the word "wife." *Id.*

The Trustee asserts that the Debtor's deed is similar to the deed in *Pagliaro*. Specifically, the Trustee notes that both deeds include the words "joint tenants with right of survivorship" located in the same position. Given this, the Trustee argues that the Court should find that, like *Pagliaro*, the words "joint tenants" demonstrate the parties' intention to create a joint tenancy and rebut any presumption of a tenancy by the entireties.

The Debtor responds that the language of the Debtor's deed must be interpreted to create a tenancy by the entireties. According to the Debtor, the parenthetical specifying that the Debtor and her husband would hold their interest in the Property together as "an undivided 50% interest" shows a clear intention to create a tenancy by the entireties. The Debtor argues that there could be no other explanation for that parenthetical. Further, the Debtor argues that to find, as the Trustee suggests, that the Debtor's deed created a joint tenancy (under which the three individuals would hold an equal interest in the Property) directly contradicts the language of the deed, which creates two undivided 50% interests.

The Court agrees with the Debtor's argument. While it is true, as the Trustee argues, that the Debtor's deed is similar to the deed in *Pagliaro*, the inclusion in the Debtor's deed of the parentheticals, which specifically create two undivided 50% in-

terests in the Property, distinguishes this case. By granting the Debtor and her husband an undivided 50% interest in the Property, the Debtor's deed clearly treats the Debtor and her husband as a single entity. This unity of person between married individuals is a key characteristic of a tenancy by the entireties [3] and strongly supports the conclusion that the parties intended to create a tenancy by the entireties.

Had the parties intended to create a joint tenancy between the Debtor and her husband there would have been no need to include the parenthetical. Omitting the parenthetical would have left no question that the parties intended to create a joint tenancy among the Debtor, her husband, and her step-daughter. The fact that the parenthetical was included suggests that the parties intended to create something other than a joint tenancy among the three individuals. Consequently, the Court concludes that the language in the deed does not establish a clear intention by the parties to create a joint tenancy between the Debtor and her husband.

■ Additionally, under Delaware common law, there is a presumption that property transferred to a husband and wife creates a tenancy by the entireties. *See, e.g., In re Kelly,* 316 B.R. 629, 637 (D.Del. 2004) (holding that in Delaware there is a "common law presumption that a conveyance of real property to a husband and wife creates a tenancy by the entireties"). Because the language of the deed in this case does not express a clear intention to rebut that presumption, the Court concludes that the Debtor holds her interest in the Property with her husband as a tenant by the entirety. As a result, the Debtor may validly claim an exemption in the Property under the Bankruptcy Code. 11 U.S.C. § 522(b)(3)(B) (amended 2005).

## IV. CONCLUSION

For the reasons stated above, the Court will overrule the Trustee's objection to the Debtor's claim of exemption in the Property.

An appropriate Order is attached.

### ORDER

**AND NOW,** this **29th** day of **JUNE, 2006,** upon consideration of the exemption claimed by the Debtor in the Property and the Trustee's objection thereto and the briefs submitted by both parties, and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the objection of the Trustee to the Debtor's exemption is **OVERRULED;** and it is further

**ORDERED** that the Debtor's exemption in the Property is **DETERMINED TO BE VALID.**

---

**3.** *See, e.g., Carlisle v. Parker,* 188 A. 67, 70 (Del.Super.Ct.1936) (explaining that a tenancy by the entireties has the four unities characteristic of joint tenancy—time, title, interest, and possession—plus the most important unity for a tenancy by the entireties—unity of person).